COMMONWEALTH OF PUERTO RICO
Magistrate Court
SUPERIOR COURT OF SAN JUAN

WALTER  MERCADO SALINAS; ASTROMUNDO, INC.
CASE NUMBER: KPE09-2072

                    PLAINTIFF

**FOR:**

                    **V.**

| | |
|---|---|
| BART ENTERPRISES INTERNATIONAL, LTD; | BREACH OF CONTRACT; |
| WALTER INTERNATIONAL PRODUCTIONS, INC.; | DAMAGES; COLLECTION; |
| WALTERVISION INC.; | COPYRIGHT INFRINGEMENT; |
| WALTERVISION PRODUCTIONS,  INC. | UNLAWFUL COMPETTITION; |
| WALTER MERCADO RADIO PRODUCTIONS, INC.; | DECLARATORY JUDGMENT: |
| WALTER MERCADO ENTERPRISES, CORP.; | PRELIMINARY AND PERMANENT |
| ARCANE CREATIVE LLC; | INJUNCTION |
| GUILLERMO BAKULA. | |

                DEFENDANTS

## COMPLAINT

**TO THE HONORABLE COURT:**

    **On behalf of the Plaintiff parties,** Walter Mercado Salinas (also known as "Walter Mercado") and Astromundo, Inc. (also known as "Astromundo"), the attorneys demand and require the following:

**I.  Parties**

    1.   Mr. Walter Mercado is and has been for over four decades a well known astrologist and psychic in Puerto Rico, United States, and Latin America. Mr. Walter Mercado is a resident of San Juan, Puerto Rico and his address of residence is as follows, 352 Avenida San Claudio, Suite 215, San Juan, Puerto Rico 00926. The phone number to Mr. Mercado's Office is 787-748-2050.

    2.   Astromundo Inc. is a for profit corporation, organized under the laws of the Commonwealth of Puerto Rico. The address is 352 Avenida San Claudio, Suite 215, San Juan, Puerto Rico 00926. The phone number for the office of Astromundo is 787-748-2050. Mr. Walter Mercado is the president.

3.     Bart Enterprises International LTD ("Bart"), by information or belief is a for profit corporation organized in the Bahamas, with its base of origin in Nassau, Bahamas.

4.     Walter International Production Inc. ("Walter International"), by information or belief, is a for profit corporation organized in the state of Florida, with its base of origin in Miami, Florida.

5.     Waltervision Inc. ("WalterVision"), by information or belief is a for profit corporation organized in the state of Florida, with its base of origin in Miami, Florida.

6.     Waltervision Inc. ("WalterVision"), by information or belief is a for profit corporation organized in the state of Florida, with its base of origin in Miami, Florida.

7.     Walter Mercado Radio Productions Inc. ("WM Radio Productions"), by information or belief is a for profit corporation organized in the state of Florida, with its base of origin in Miami, Florida.

8.     Walter Mercado Enterprises Corp. ("WM Enterprises"), by information or belief is a for profit corporation organized in the state of Florida, with its base of origin in Miami, Florida.

9.     Arcane Creative LLC, by information or belief is a for profit corporation organized in the state of Florida, with its base of origin in Miami, Florida.

10.     Guillermo Bakula is the owner, president, and CEO of Bart, Walter International, Waltervision, WM Radio Productions, WM Enterprises and Arcane Creative LLC.

11.     The defendant parties will be referred to as "Bart Enterprises".

## II.     Allegations

12.     Walter Mercado has worked for almost forty years as a psychic and astrologist. His publications, horoscopes, public appearances in various television and radio stations are unique and original which have turned him into a well known, loved and respected psychic in Puerto Rico, United States, and Latin America. His well known work as a psychic and astrologer is and has been his only source of income for the last forty years.

13.     On August 4, 1995, Mr. Walter Mercado and Bart Enterprises, on behalf of its president Mr. Guillermo Bakula, offered a contract ("the contract") in which Walter Mercado, among other considerations,  gave certain "copyrights" in perpetuity for some materials that already existed at the moment the contract was offered. Those materials were produced for Jamie Shoop & Associates, Inc. and were detailed in the contract. In

the contract the materials set forth were deemed as "Pre-Existing Materials" and for which we shall now use the same terminology.

14.     The effects of the contract were made retroactive to June 7, 1995. The contract was entirely drafted by Bart. Such contract is included as **Exhibit 1** of the complaint.

15.     Regarding the rights given to Bart in relation to the "Pre-Existing Materials", Article 1(a) of the contract establishes the following:

> a. Preexisting Materials
>
> Mercado hereby irrevocably assigns to Bart throughout the Territory during the Term, all right, title and interest, including all copyrights in and to all Preexisting Materials as hereinafter defined, which Mercado here to before created or originated for Jamie Shoop & Associates, Inc. ("Shoop"), and all prior results thereof, in connection with Mercado's astrological and psychic activities, including but not limited to those materials listed on Schedule A attached hereto and made a part hereof (Preexisting Materials"). Such assignment includes but is not limited to right to exploit and to and all media now known or hereafter developed, including but not limited to theatrical; non theatrical; television, included but not limited to free, satellite, pay per view, and cable transmission; home videotape, videodisc and other home video or audio/visual devices; print, including but not limited to books, newspapers, magazines, and reprints thereof, direct mail, and point of purchase; electronic publishing; CD-ROMs and the "Internet", the right to merchandises and the right to utilize Preexisting Materials in all advertising, promotion, and publicity created in connection therewith. If the assignment container in this provision is inconsistent with any previous contract between the parties, this instant Agreement will govern and control.

16.     In another part of the contract Walter Mercado agreed to grant an exclusive license in perpetuity to develop, produce, distribute, and intellectually own any new materials ("New Materials") that had to be **related to the psychic and astrologist services of Walter Mercado** and by which **were to be produced with the psychic and astrologist services of Walter Mercado** was also obligated to provide in favor of Bart under the terms of the contract, for a period of ten years or extendable for another two years at the discretion of Bart. To those effects, sections 2 (b) (i) and (ii) of the contract expressively establish that Walter Mercado's services were to create the "New Materials" based on the psychic and astrological services of Walter Mercado, and established the period in which Walter Mercado was to provide said services:

(i) Mercado agrees to provide additional psychic and astrological services to Bart in connection with the creation of the New Materials during the additional services period, as defined hereunder. Such Additional Services shall include but not limited to creating audiotext recordings for pay per call services, appearing in long form commercials ("Infomercials"), creating print, radio and television advertising and making personal appearances. The dates on which such services shall be rendered shall be mutually agreed to by the parties.

(ii) Mercado shall provide Additional Services for a period of ten (10) years from the date hereof (the "Additional Services Period"). The Additional Services Period shall be automatically extended for an additional two (2) year periods at the option of Bart, unless Bart notices Mercado otherwise no less than thirty (30) days prior to the expiration of the then current Additional services Period.

17.     Furthermore, Article 1 (b) of the contract establishes the rights in perpetuity of Bart to develop, produce, distribute and own the "copyrights" of the "New Materials". Such section makes it very clear that the granting of rights of exploitation, distribution and copyright s are limited to the materials to be produced **in relation with the psychic and astrological services of Walter Mercado.** Therefore, **such materials necessarily had to be created with the services of Walter Mercado,** which was obligated to render for the specified period of time stated in the contract. To that effect Article 1 (b) establishes:

Mercado  hereby grants to Bart  the exclusive right and license during the Term and throughout the territory to develop, produce, develop, produce, distribute and copyright in its own name new materials, in any language, **relating to Mercado's psychic and astrological services** of whatever nature whatsoever, including but not limited to print, audiotext, audiovisual and radio programming, computer software, merchandise and advertising and promotion in connection therewith ("New Materials"), throughout the Territory by any and all means and in any and all media now known or hereinafter devised, including but not limited to theatrical; non-theatrical; television, including but not limited to free, satellite, pay per view and cable transmission; home video or audio/visual devices; print, magazines and reprints thereof, direct mail, and point of purchase; electronic publishing; CD-ROMs and the "Internet".

18.     The contract expressively recognizes the unique, extraordinary and irreplaceable character of the services to be rendered by Walter Mercado. To that effect clause 15 of the contract states in its relevant parts:

Services Unique

The services to be performed by Mercado and the rights granted hereunder are special, unique, extraordinary and impossible of replacement, giving them a particular value, the loss of which cannot reasonably or adequately be compensated in damages in an action at law and that Mercado's failure or refusal to perform his obligations hereunder would cause irreparable harm or damage.

19.    In consonace with the above stated, various clauses of the contract make reference that the "New Materials" that Bart had a license to produce and exploit during the contract period were going to be created by Mercado everytime that "New Materials," as stated in article 1 (b) of the contract, were going to be related to the unique services of Walter Mercado as an astrologer and psychic. Therefore, in order for Bart to produce "New Materials," Walter Mercado necessarily had to render his psychic and astrological services to Bart for the term established in Article 6 (b) ii of the contract:

To that efect, Article 9 (a) (ii) establishes:

(ii) All Preexisting or New Materials or parts thereof **created or supplied by Mercado** are or shall be original to him.

(iii) The execution, delivery and performance of this agreement and any Preexisting or New Materials **created or supplied by Mercado** shall not infringe upon the rights, including but not limited to, the rights of privacy or publicity and copyright or trademark or any other personal rights of any agreement to which Mercado is a party.

20.    Furthermore, Walter Mercado granted Bart all the rights, title, and interests for the brand "Walter Mercado" **provided that it be utilized in relation with the "Preexisting" and the "New Materials" that were to be produced with the astrological and psychic services of "Walter Mercado"** during the term that he was obligated to render them. Authorizing Bart to utilize the brand Walter Mercado in relation to services **not** authorized by Walter Mercado, in which he had no participation, control or supervision, would mean perpetrating fraud upon the consumers and followers of Walter Mercado, which certainly was not the intention of the contracting parties. To that effect, Article 2 (b) of the contract states as follows:

(b)  Mercado hereby irrevocably assigns to Bart throughout the territory during the term, all right, title and interest in and to the mark, together with that part of the goodwill of Mercado's business connected with and symbolized by said Mark, **for use in connection with the Pre-existing Material and the New Materials** if any. Such assignment includes but is not limited **to the right to**

**use in connection with the Pre-existing Material and the New Materials** in any and all media now known or hereafter developed, including but not limited to theatrical; non-theatrical; television, including but not limited to free, satellite, pay per view and cable transmission; home video or audio/visual devices; print, magazines and reprints thereof, direct mail, and point of purchase; electronic publishing; CD-ROMs and the "Internet", the right to merchandise and the right to utilize the Mark in all advertising, promotion and publicity created **in connection therewith.**

(c) Without limiting the breadth of the rights granted in this paragraph, Bart shall have all rights in the Mark which are afforded to owners of trademarks and service marks, including but not limited to the right to seek and obtain trademark protection and/or registration of the Mark in its name, and the right to enforce or defend Bart's rights against third parties. Mercado shall cooperate fully with Bart in Bart's exercise of any of the rights granted hereunder. (Emphasis added)

21.     With respect to the nature and way Walter Mercado renders his services to create "New Materials" Article 18 of the contract establishes the following:

"Professional Rendition of Services

Mercado will attend and participate in all rehearsal, filming or taping and photography sessions required and will render his services hereunder in accordance with the scripts or other materials Bart shall furnish to Mercado for such purposes. Mercado agrees to render Bart's services in a competent and artistic manner to the best of his ability and that all Mercado's services will be subject to Bart's approval, direction and reasonable instructions, suggestions, and recommendations Bart may give Mercado in connection with the rendition of such services. Notwithstanding the foregoing, nothing contained in this paragraph shall be deemed to diminish Mercado rights of approval as otherwise provided in this Agreement."

22.     Bart and Mercado agreed that all "New Materials" **produced as a result of Mercado's services** would constitute "work made for hire" as defined by the Federal Copyright Law and in the event that such materials could not be intellectually appropriable Mercado would assign Bart all titles and rights over such. To that effect, clause 6 (b) iii of the contract states:

The parties agree that any and all New Materials or parts thereof created or supplied by Mercado shall be deemed works made for hire as such term is defined pursuant to the United States Copyright Law, International Copyright Law, or relevant jurisdiction copyright law, whichever the case may be, as amended from

time to time. In the event that any of the results of Mercado's services to Bart and
agrees to execute all of his services to Bart and agrees to execute all future
documents required to evidence such assignment.

23.       Given that Bart had the intention to utilize the name or any other likeness of
Walter Mercado ("Name and Likeness") in relation with the "New Materials" to be
produced with the services of Walter Mercado; the latter gave the rights and a **non-**
exclusive license to Bart to utilize his "Name and Likeness" provided these were used **in
relation with the Pre-existing Materials and the New Materials to be produced with
the services of Walter Mercado.** That is to say that the non-exclusive license given to
Bart to utilize the name or image of Walter Mercado or any other form of his identity did
not include the right to utilize the name or image of Walter Mercado to announce
products or services not authorized by Walter Mercado, in whose creation he had no
participation, control, or supervision. Otherwise, the parties would be committing fraud
upon the consumers, which was clearly not the intention of the parties. To that effect
paragraph 3 of the contract states:

(a) The parties acknowledge that Mercado's Name and Likeness (as defined
below) has been used in connection with the production and exploitation of the
Preexisting Materials and Bart intends to use Mercado's Name and Likeness in
connection with the New Materials.

(b) Mercado hereby grants to Bart the right and license during the term and
throughout the Territory to use Mercado's performance, name, signature,
photographs, voice, picture, likeness, or other indicia of his identity (collectively
"Name and Likeness") **in connection with the Preexisting Materials and the
New Materials** by any means and in any and all media now known or hereafter
devised, **subject, however, to Mercado's right to prior approve any such use,
such approval not to be unreasonably withheld.** If such approval is not
communicated to Bart within forty-eight (48) hours of Mercado's receipt of the
material, such right of approval shall be deemed waived." (Emphasis added)

24.       Note that by virtue to the provisions of paragraph 3 stated above, Walter
Mercado retained the control of quality in regards to the services that were promoted
utilizing his name and image, said use also being conditioned on Mercado giving his
consent.

25.       In consideration of the services to be rendered by Walter Mercado; to the
copyright to use name, image and Mark of Walter Mercado and the copyrights
recognized in the contract as "Preexisting Materials" and the "New Materials" to be
produced, Bart was obligated to give a monthly payment to Walter in the following
amounts and under the following terms:

(i) Compensation

Bart agrees to pay to Mercado, in consideration of all services rendered by Mercado and the use of the results thereof and all rights granted by Mercado to Bart, the following compensation:

(i) A fee of twelve Thousand Five Hundred ($12,500) Dollars per month for each the continental United states/Puerto Rico (collectively the "United States/Puerto Rico") for an aggregate total of Twenty-Five Thousand ($25,000) Dollars a month;

(ii) Five Thousand ($5,000) Dollars per month for costumes;

(iii) A total of Two Thousand ($2,000) Dollars for up to 25 three minute segments per month; and

(iv) An additional fee of up to an additional Twenty-Five Thousand ($25,000) Dollars per month for each additional country (other that the United States/ Puerto Rico), in which gross income earned by Bart from such other country is at least equal to the gross income earned by Bart from the United States in that month, so long as the gross income earned by Bart from the United States is a minimum of Two Million $2,000,000 Dollars. In the event the gross income earned by Bart from the activities conducted as above described in any country outside of the United States/ Puerto Rico is less that that gross income earned in the United States for the period, Mercado's compensation for such country shall be paid on a pro-rata basis. All payments to Mercado hereunder shall be due on or before the 15th day of the month following the month in which such gross revenues are earned.

(v) Further, in addition to the foregoing, Mercado and Bart contemplate additional compensation for services and use of Mercado's name and likeness in connection with non-psychic related activities. UIT respect to all necessary services which will be rendered by Walter in connection therewith, Walter shall be entitled to compensation therefore, of one third (1/3) of the gross revenues generated therefrom.

26.     Nevertheless, and in consonance with the grant of rights over name, mark, and image of "Walter Mercado" to be utilized only in relation with the psychic and astrological services of Walter Mercado and in relation to "New Material" to be produced with Bart Enterprises, the contract establishes that Walter Mercado could continue using his name, mark, and image commercially and carry out the astrological and physic services that he already used to do before signing the contract for his economic benefit. To that effect, Article 6 (v) of the contract establishes:

It is understood, however, that Walter shall be in no way hereunder prohibited or restricted, for his personal benefit, from conducting his present business endeavors consisting of radio, news paper, magazines and personal consultation related to psychic activities.

27.      Therefore, Walter Mercado retained under the terms of the contract the right to utilize the brand Walter Mercado commercially for his own benefit and granted Bart full title and rights to be utilized only in relation with the "Preexisting Materials" and "New Materials" that were to be produced with the astrological and psychic services of Walter Mercado.

28.      In fact, and given that the grant of rights of brand was limited to the right to utilize in relation to the "Preexisting Material" and "New Material" that Walter Mercado would create with his services and hold copyright in perpetuity over such, Bart was not even obligated to produce or distribute the "Preexisting Materials" or "New Materials". To that effect Article 7 of the contract establishes:

Nothing contained in this agreement shall be construed to obligate in any way Bart to produce and/or distribute Preexisting Material and New Materials. Bart shall determine in its sole and absolute discretion whether or not to exploit the rights granted hereunder.

29.      Article 8 of the contract establishes that if Bart were to cease the exploitation or use of all "Preexisting Materials" or "New Materials" for a period of 12 months or more, the aforementioned rights granted in the contract to Bart Enterprises would automatically revert to Mercado.

30.      Further, and in consonance with the unique character of the astrological and psychic services of Walter Mercado and the control over their quality that Walter retained under the contract, in regard to contracting and hiring psychics to answer phone calls, Article 16 of the contract establishes that such psychics were to be chosen with the advice and evaluation of Walter Mercado, and that Bart could not recruit, contract, or employ any psychic that Walter felt was not capable or competent for the job. To that effect, Article 16 of the contract states:

The hiring of psychics who will answer calls shall be carried out by Bart, which will seek and follow Mercado's advice in the   selection and screening of credentials and abilities of such psychics. While Bart has discretion in the hiring and employment of said psychics, Bart shall not hire or keep under contract or employment any psychic whom Mercado deems unfit or unacceptable for the purposes described in this Agreement.

31.     Whereas: (1) Walter Mercado granted Bart the right to utilize the mark "Walter Mercado" only in relation with the "Preexisting Material" and "New Materials" that were to be created with the astrological and psychic services of Walter Mercado;    (2) Walter Mercado retained the right to utilize his name, mark and image commercially, as he was doing prior to the signing of the contract; (3) Walter Mercado retained the control of quality over the use of the mark "Walter Mercado"; and (4) Bart was obligated to make monthly payments in relation to such use, the grant of rights over the mark "Walter Mercado" constitutes a license to Bart for such use. Otherwise, such grant of rights of trademark is a "sui generis" grant, subject to diverse limitations and conditions, including those enumerated in this paragraph.

32.     Whether the grant of rights of the mark that is the object of the contract is interpreted as a license or as a "sui generis" grant, it constitutes a grant of rights subject to mandated conditions. The same applies to the grant of rights that is the object of the contract in regard to the right Bart had to utilize in a limited manner the name and image of Walter Mercado.

33.     As stated in the contract, if Bart failed to make **any** payment as provided in the contract, specifically in aforementioned Article 6 (b), within sixty (60) days after it becomes due, Walter Mercado has the option of declaring the contract **null and void** and keeping all previous payments made by Bart. In order to void the contract in accordance with this provision, Walter Mercado would have to notify Bart of the lack of payment at least fifteen (15) days prior to the date of termination, a period during which Bart could rectify the breach by making payment of the amount owed. To that effect, Article 12 (iii) of the contract states:

> Notwithstanding anything herein to the contrary, if Bart fails to make any of the above mentioned payments; in paragraph 6 (c), within sixty (60) days from the due date, then Mercado shall have the option to declare this contract null and void and all payments already made on the part of Bart shall be retained by Mercado, provided Mercado gives Bart; written notice at least fifteen (15) days prior to such date of termination and Bart fails to cure the non payment within such time period or otherwise can justify its failure to make any such payments.

34.     The parties agreed on the applicability of the laws of Puerto Rico for the purposes of the interpretation of the contract and to submit to the jurisdiction of the courts of Puerto Rico in case a dispute should arise between the parties in relation to the same. To that effect, Article 20, Section D of the contract states:

> (d) This agreement shall be deemed to be governed and construed in accordance with the laws of Puerto Rico and the parties hereto submit to the jurisdiction of the courts of Puerto Rico.

35.     For the duration of the contract, between 1995 and 2006, the parties acted in conformity with the terms abovementioned. Walter Mercado continued doing business as a psychic and astrologer for his own and exclusive benefit, using his name, image and the Walter Mercado mark commercially in the horoscopes he prepared for the press and radio. Bart, on the other hand, developed various projects for television, text messaging, psychic lines, books, and CDs in relation to the services of Walter Mercado and with his participation. In that way Walter Mercado worked for more than ten (10) years for Bart in the creation of the "New Materials," preparing horoscopes and predictions for exploitation and distribution by Bart; appearing in television programs to give his astrological and psychic services; work in the preparation of CD's and books produced, distributed, and exploited by Bart in relation to the services of Walter Mercado.

36.     During the period of time in which Walter Mercado worked in Bart's productions, Bart generated more than 25 million dollars from the exploitation of materials created by Walter Mercado, over which he had acquired copyrights.

37.     During the years 2002-2005, Bart assigned the rights acquired under the contract to the rest of the defendant party, Walter International Productions, Inc. Walter Mercado Radio Productions, Inc. and Walter Mercado Enterprises, Corp. for by information or belief, Bart assigned the given rights to Arcane Creative LLC close to 2005or 2006.

38.     Walter Mercado, on the other hand, authorized on the 17th of November 2006, Astromundo Inc. to utilize the mark "Walter Mercado" and register it under its name in the United States patent and trademark office. Astromundo Inc. submitted the following marks for registration at such agency: Walter Mercado (Serial Number: 77047157), Los Elegidos De Walter Mercado (Serial Number: 77047240), Los Astrólogos de Walter Mercado (Serial Number: 77047242), Walter Mercado Salinas (Serial Number: 77047246), Los Psíquicos de Walter Mercado (Serial Number: 77407247), Los Tarotistas De Walter Mercado (Serial Number: 77047250), El Circulo De Vision De Walter Mercado (Serial Number: 77047252), Los Discipulos De Walter Mercado (Serial Number: 77047253), Walter Mercado's Circle Of Power (Serial Number: 77047236), y La Gran Familia de Walter Mercado (Serial Number 77047233). These trademarks are pending registration due to the opposition presented by Bart Enterprises.

39.     On February 8, 2007, Bart filed suit against Walter Mercado before the United States District Court for the Southern District of Florida, case number 07-20136 CIV, alleging that Walter Mercado had not performed his obligation of rendering certain services agreed upon in the contract, for the years 2006 and early2007. Among these: (1) Mercado allegedly did not appear to record certain television segments of horoscopes for Univision Puerto Rico and Televisa during the specified time; (2) Mercado allegedly did not appear on November 29, 2006 to record advertisements for promoting the 900

horoscope business service in Mexico, "text messages" "SMS", "the US Club Membership" and the prepaid calling cards for horoscope services in the United States; (3) Mercado allegedly did not send to Bart as of December 6, 2006 the verbal horoscopes to be utilized as "text messages", in the "Club Membership Packages", radio broadcasting, SMS "messaging transcription" and the "IVR" horoscope services in Guatemala; (4) Mercado allegedly did not give Bart the predictions for 2007 for magazines and publications on websites.

40.     Bart **did not** request as a remedy the specific performance of the contract, but instead, asked for damages as the only remedy.

41.     From November 2006 to the present, neither Bart nor the entities to which it assigned the rights and obligations under contract (the "Defendants") have made any payments to Mr. Mercado.

42.     Walter Mercado, on the other hand, has not rendered any services to Bart Enterprises since November 2006, except the recordings for the show Primer Impacto up to August 2007, which were paid to Bart by Univision, without Walter Mercado receiving any compensation.

43.     Prior to the trial before the U.S. District Court in Florida, 07-201136 CIV-SEITZ, Walter Mercado questioned the validity of the contract. Among other arguments he maintained that the contract was illegal, because the term of perpetuity in the contract was illegal. The Court ruled on November 24, 2008, that the contract was valid given that it had two different terms. The first term was applicable to the limited grant of rights to use the trademark, "Name and Likeness" of Walter Mercado in connection to the "Preexisting Materials" and "New Materials"; and also applicable to the copyrights acquired for such materials in relation to the services of Walter Mercado. According to the Court's ruling, such term was in perpetuity. The second term established in the contract, in accordance with the court's ruling, was the term during which Walter Mercado was obligated to render his astrological and psychic services to Bart for the creation of "New Materials". Such term, as it was ruled by the Court, is for a period of 10 years; the term in perpetuity did not apply, and for that reason the court concluded it was not illegal under the Laws of Puerto Rico, in particular Article 1473 of the Civil Code, 31 L.P.R.A. Sec. 4111.[2]  To that effect, the Court ruled that:

> The Agreement refers to the "Term" which is defined as "in perpetuity", but it also refers to the "Additional Services Period", **which is defined as "a period of ten (10) years from the date hereof."** Under the explicit terms of the Agreement, Mercado's personal services obligations are owed for the duration of the Additional Services Period, not for the duration of the term of the agreement. Consequently, **the perpetuity term of the agreement does not apply to**

**Mercado's services and thus does not render the agreement void under the laws of Puerto Rico.** See page 7, Docket 217.  (Emphasis added)

44.     Whereas the contract was approved on August 4, 1995, and was made retroactive to June 7, 1995, according to the ruling by the U.S. District Court of Southern Florida, Walter Mercado is not obligated to render any services to Bart after June 7, 2005.

45.     On the other hand, the Jury determined that Walter Mercado breached the contract by not rendering certain services to Bart during the years 2006 and early 2007 but determined that Bart did not suffer any damages. Even assuming that the Jury, regardless of the ruling by the court determining that Walter was to render his services for a period of ten (10) years, held de facto as valid the extension of two (2) years at the discretion of Bart and as established in the contract for the services of Walter Mercado in 2 (b) (i), such term of two years expired on June 15, 2007, and therefore from that day until now Walter is no longer required to render any personal services to Bart. A finding to the contrary would give a character of perpetuity to the term established for such services, which would not only be contrary to the ruling by the U.S. District Court in Florida, as mentioned above, but also to the clear letter of the aforementioned Article 1473 of the Civil Code, 31 L.P.R.A. Sec. 4128.

46.     By virtue the verdict and ruling issued in the case before the U.S. District Court of Florida, and whereas Bart did not request the specific performance of the contract as a remedy, Walter Mercado does not owe to this day any services or monies whatsoever for damages to Bart by reason of the alleged breach of contract during the years 2006 and early 2007, as argued in the suit brought before the U.S. District Court of Florida.

47.     Since November 2006 to present, Bart has not kept up with its obligations to pay the monies stipulated in the contract, owing Walter Mercado to date more than $675,000.00 plus interest.

48.     In the most favorable light for Bart, and assuming that it owes Walter Mercado only the amount accrued after June 15, 2007, date in which the extension period of the contract expired, Bart has defaulted in his obligation to pay Walter Mercado the sum of $500,000.00. This is due to the fact that Bart, by virtue to the terms expressed in the contract, is obligated to continue paying the monthly amounts stipulated in the contract for the rights to the trademark and "copyright" acquired in perpetuity in relation to the "Preexisting Materials" and "New Materials" created during the term the contract was in force.

49.     Notwithstanding its default, Bart continues to profit illegally from the name, mark, and image of Walter Mercado using it illegally to advertise astrological and psychic services that do not belong to or have been approved in any way by Walter Mercado. Among others that may be unknown, Bart manages through Arcane Creative

LLC the website waltermercado.net that provides interactive astrological and psychic consultation to various countries, including Puerto Rico, at the cost of $3.00 per minute, falsely advertised as belonging or being managed by Walter Mercado. See **Exhibit 2.** Thus, on the main page of the website the image of Walter Mercado appears with the following message containing various spelling mistakes:

> Consult Live with My Most Profound Psychics

> Here you will be able to access live a personalized psychic consult, tarot Reading, and astrologic predictions from your home or directly to your cellular phone. The closest and most experienced psychics, astrologists, and topics like love, work, money, and compatibility. May you receive from me… much, much love!!

50.     At the end of the message, Walter Mercado's signature appears, falsely representing that he underwrote the message. See **Exhibit 3.**

51.     Furthermore, in the Help section of the same website, it claims that Walter Mercado himself chose the psychics that appear on the website, which is also a false and fraudulent statement. To that effect:

> What is waltermercado.net?

> WalterMercado.net is a site where you can consult your favorite psychic **among a group of experts personally selected by Walter Mercado;** each one specializing in different areas. To help you make your selection, you have access to the profile and history of each one of them. This way you will be able to contact them from anywhere in the world. They are all approved by Walter Mercado.

> (Emphasis added) See **Exhibit 4.**

52.     As stated before, Walter Mercado stopped providing astrological and psychic services to Bart since November 2006 and had no obligation to render any such services since June 2005. In the alternative and in favor to Bart, since at least June 15, 2007, Walter Mercado has no obligation to render his astrological or psychic services. Therefore Mercado has not supervised nor will he supervise, and has not approved nor will approve in any way the psychic services of such website or the psychics themselves, whom Bart Enterprises intentionally, falsely, and fraudulently represents to the public by internet as being managed by Walter Mercado. In fact, Walter Mercado does not know any of the psychics that are announced on the website nor has he ever had any sort of contact whatsoever with any of them, nor has he received any type of compensation for the charges made to the consumers that acquire psychic services from the website. Walter Mercado also did not authorize the use of his name, image, and personal message that

appear on the main page of such website, and definitely did not authorize his signature to be posted on to the message. Therefore, the message and the false representation that it belongs to Walter Mercado is totally fraudulent and misleading to the consumer.

53.    Bart Enterprises on the other hand has started to announce a psychic telephone service line throughout the United States and Puerto Rico, falsely and fraudulently representing that it belongs to Walter Mercado. It was recently advertised, by information or belief, in the television show Escandalo TV, using promotional footage recorded more than two years before by Walter Mercado and intended for other purposes. The number advertised for the consultation is 1-800-883-9520. The cost of the service is $19.95 for the first fifteen minutes, or $39.90 for half an hour. When you call there is an automated voice that reads, "Welcome to Walter Mercado's psychic and astrologic line". After questioning the representatives on the phone about the relation of the psychic services offered with Walter Mercado, the representatives falsely and fraudulently claim that the psychics have been chosen and trained by Walter Mercado.  See affidavit, **Exhibit 5**.

54.    Bart Enterprises' fraud has reached a level where they offer job positions to psychics claiming falsely and fraudulently that they will work with Walter Mercado from home, illegally utilizing Walter Mercado's name to make false claims, and exposing him to claims on their behalf. To that effect, at the website for job postings www.occ.com , Bart Enterprises has placed the following announcement:

> "WORK FOR WALTER MERCADO FROM YOUR HOME.
> Vacancy information
>
> DO YOU HAVE ESOTERIC ABILITIES OR KNOW SOMEONE WHO DOES? ARE YOU INTERESTED IN WORKING FROM HOME? DO YOU HAVE A COMPUTER? WE HAVE A PROPOSAL FOR YOU WHO ARE SEEKING ADDITIONAL OR ESTABLISHED INCOME.  ***IMPORTANT CALL CENTER SEEKS PSYCHICS FOR WALTER MERCADO'S CAMPAIGN***".
> See  **Exhibit 6.**

55.    Walter Mercado does not have any control whatsoever over the quality of the services that the website is offering at www.waltermercado.net nor at the telephone psychic line with the number 1-800-883-9520, which utilize his name without any authorization to fraudulently market themselves as if they belonged to him. As a result, if such services are not stopped, they will affect and continue to affect the good name and reputation of the astrological and psychic services that Walter Mercado has developed over many years of hard work.

56.    On the 20th of March 2009, Walter Mercado sent a notification to Bart indicating that he was still owed over $675,000.00 for the monthly payments stipulated in

the contract and unpaid by Bart Enterprises since November 6, 2006, and which at the time were more than sixty days overdue. See **Exhibit 7.**

57.     In clear breach of the obligations agreed to in the contract, neither Bart nor the other entities to which it assigned rights under the contract made any payments whatsoever to Walter Mercado. Instead, they sent a communication to Walter Mercado indicating their express intention not to pay, since according to them he was still obligated to work under the contract, which is clearly incorrect according to the ruling by the Florida federal court and the provisions of the Civil Code that prohibit contracting services in perpetuity. See **Exhibit 8**. Nevertheless, on the other hand, Bart Enterprises continued then and continues now to illegally profit from of Walter Mercado's fame, making false representations and fraudulent advertising of astrological and psychic services, and charging for them as if they were provided or authorized by Walter Mercado, which is false.

58.     Pursuant to Article 12 of the contract, fifteen days after the letter dated March 20, 2009, Bart failed to pay the amount owed, which resulted in the contract being null and void. Thus on April 4, 2009, with Bart having refused to pay the debt, the contract became null and void, as Article 12 (a) (iii) of the contract states. Today (May 18, 2009) Walter Mercado sent notice to Bart regarding this matter. See **Exhibit 9.**

59.     By virtue of the provisions of Article 12 (iii) of the contract, which has been voided and declared null, all rights granted to Bart over the name, mark and image of Walter Mercado are without effect.

60.     Although Bart Enterprises has defaulted on the payments under the terms of the contract; and Walter Mercado has no obligations to render any services to Bart Enterprises, and the contract was thus voided by Walter Mercado, still for the past year Bart Enterprises has continued to this day harassing the Plaintiff by means of numerous communications demanding from Walter Mercado that he turn over horoscopes and other astrological materials for radio and press, and that he appear for recordings the Primer Impacto television show on Univision. Likewise, in spite of his breach of contract and the conditions attached to the trademark and copyrights that were initially granted under the contract, the Defendants through Mr. Guillermo Bakula continue threatening Walter Mercado and the corporation he presides, Astromundo Inc., to sue them for violation to the trademark and copyright laws if he attempts to work and generate income utilizing his name and the brand "Walter Mercado" in relation to the astrological and psychic services that for the last 40 years have been Mercado's main means of support. In fact, Guillermo Bakula has gotten to the point of calling third parties interested in contracting with Walter Mercado, threatening to sue them and/or intimidating them to sign a contract with him instead, falsely informing them that he is the owner of the brand "Walter Mercado," and that Walter Mercado does not have any rights over said brand. Among others, and for the

purposes stated, he has contacted Mr. Kevin Lee who runs a text messaging company in the United States and intends to use Walter Mercado's services for him to prepare horoscopes to be transmitted as text messages to subscribers. In the same way, Mr. Guillermo Bakula has contacted Mr. Oscar Ansola who represents a text messaging company in Latin America and the United States and also intends to hire Walter Mercado to prepare horoscopes to be transmitted through text messages to those who subscribe. Finally Mr. Guillermo Bakula , has torpedoed the negotiation attempts by Mr. Gustavo Montandon in favor of Walter Mercado so that Mercado can establish a psychic service line in Mexico and other countries of Latin America, falsely arguing that the mark belongs to him, and threatening to sue third parties interested in acquiring the services of Walter Mercado.

61.     The actions of Bart Enterprises, through Guillermo Bakula, after the lawsuit filed before the Florida federal court, have caused and continue to cause an impasse that prevents Walter Mercado from contracting with third parties to work and generate income to which he is entitled by virtue of his well known talents as an astrologer and psychic, and which constitute his only source of income. The income he has failed to make is presently calculated at an amount no less than $5,000,000.00, since the last payment was received. On the other hand such actions have made it impossible for Walter Mercado to promote his name and services internationally for a significant amount of time, which has affected the value of the mark "Walter Mercado" and his image.

62.     The actions of Bart Enterprises, through Guillermo Bakula, as stated in the previous paragraphs, and in particular the non-authorized use of the name, image, and mark "Walter Mercado" have caused and continue causing irreparable damage to Walter Mercado and Astromundo, Inc. given that they affect the good name, image and mark of Walter Mercado whose value exceeds $50,000,000.00.

63.     Given Bart Enterprises' default on the payments provided by the contract and the termination of the contract by Walter Mercado, on May 15, 2009, Astromundo Inc., with the consent of Walter Mercado, submitted the mark "Walter Mercado" for registration at the Trademark Office of Puerto Rico.

### III. First Cause of Action- Declaratory Ruling Termination of Contract

64.     The allegations contained in paragraphs 1 to 63 of this Complaint are incorporated to and made a part of this cause of action.

65.     To date, and despite the notifications and opportunities given by Walter Mercado, Bart is still in breach of contract and indebted to Walter Mercado in a cash sum, due, and payable, of no less than $675,000.00 plus interests. This is for the limited trademark rights and copyrights acquired by virtue of the contract. Under a light most favorable to

Bart, and assuming that it owes Walter Mercado only for the agreed monthly payments accruing since June 7, 2007, (date of expiration of the two-year extension to the ten year contract in which Walter was to render his services for the creation of "New Materials"), Bart remains in breach of contract for lack of payment of a sum no less than $500,000.00.

66.     Article 12 (b) (ii) of the contract , as stated before, allows Walter to declare the contract null and void in the event that Bart or its successors breached the contract by not effecting the monthly payments that were agreed to in the contract as established in Article 6 (c) of the contract as previously stated.

67.     In view of the previously stated, Plaintiff petitions the Honorable Court to issue a declaratory ruling against the Defendants and in favor of Walter Mercado, and based on Article 1077 of the Civil Code, 31 L.P. R. A. § 3052, to declare that Bart Enterprises has breached the contract and that it has been terminated and validly declared null by Walter Mercado. Thereby, all the rights granted to Bart are now without effect.

### IV.     Second Cause of Action-Damages for Breach of Contract

68.     The allegations contained in paragraphs 1 to 67 of the present Complaint are incorporated and made a part of this cause of action.

69.     To date, despite the notifications and opportunities given by Walter Mercado, Bart remains in breach of contract and indebted to Walter Mercado in a cash, due, and payable sum of no less than $675,000.00 plus interests. This is for the exploitation of trademark and copyrights acquired by virtue of contract, and from which Bart Enterprises has irrefutably continued to profit illegally.  Under a light most favorable to Bart, and assuming that it owes Walter Mercado only for the agreed monthly payments accruing since June 7, 2007, (date of expiration of the two-year extension to the ten year contract in which Walter was to render his services for the creation of "New Materials"), Bart remains in breach of contract for lack of payment of a sum no less than $500,000.00.

70.     Due to Bart's default, Walter Mercado stopped receiving compensation for the use of his name, image and rights of his trademark, for which he granted a license or conditional rights to Bart, and therefore now asks this Honorable Court to rule against the Defendants and in favor of Walter Mercado, and pursuant to Article 1077 Civil Code, 31 L.P.R.A. § 3052, order Bart Enterprises to pay Walter Mercado an amount no less than $500,000.00 for damages and attorney fees and costs.

### V.     Third Cause of Action: Declaratory Ruling

**Walter Mercado as of today has no obligation to render any services to Bart Enterprises to create or produce any "New Materials".**

71.     The allegations presented in paragraphs 1 to70 are incorporated to the complaint.

72.    Walter Mercado and Bart expressly agreed on Article 20 (d) that the contract would be interpreted in conformity with the laws of Puerto Rico.

73.    The U.S. District Court of Florida determined that the term established in the contract for Walter Mercado to render his services to Bart in relation to the "New Materials" is for ten years. Such term expired on June 7, 2005. Otherwise, the Florida federal court determined that such term was extendable for only two more years at the discretion of Bart.

74.    Therefore, since June 7, 2005 or alternatively since June 7, 2007, Walter Mercado has no obligation to render services of any kind to Bart Enterprises, including but not limited to participate in television recordings to promote his astrological or psychic services; to participate in advertising or promotion for his astrological or psychic services; to prepare horoscopes and predictions for exploitation and distribution by Bart Enterprises; to select or supervise the work of other psychics working for the psychic lines managed by Bart Enterprises; or to prepare horoscopes for text-messaging purposes for Bart Enterprises.

75.    In consonance with the ruling of the U.S. District Court of Florida, Article 1473 of the Civil Code prohibits the contract of services in perpetuity, and by mutual agreement the contract must be interpreted in conformity with the laws of Puerto Rico.

76.    By virtue of the above stated, the Plaintiffs petition that this Court declare that Walter Mercado from this moment forward has no further obligation whatsoever to render personal services in favor of Bart Enterprises as stated in the contract.

## VI.    Fourth Cause of Action: Declaratory Ruling

77.    The allegations presented in paragraphs 1 to76 are incorporated to this Complaint.

78.    Even if the contract were not expired, the rights of Bart over the mark "Walter Mercado" and the right to use the name and image of "Walter Mercado" by the terms of the contract, is limited to the use of the mark, name and image in relation to materials produced with the participation of Walter Mercado and in relation to his astrological and psychic services.

79.    Even if the contract were not expired, Walter Mercado only granted a license (or, in the alternative a *sui generis,* conditional, and limited grant) so Bart could utilize his mark in relation to the Pre-existing and New Materials and a non-exclusive license to Bart for that same purpose. Therefore, Walter Mercado always retained and continues to retain all property rights over his name, image, and mark. It follows that Walter Mercado

can use his name, image, and mark without Bart or its grantees interfering or impeding said use.

80.     In view of the preceding, the Plaintiffs petition this Court to declare that Bart Enterprises has no right under the terms of the contract to utilize the mark "Walter Mercado" nor the name or image of Walter Mercado in relation with the astrological or psychic services that are not the work product of Walter Mercado, and that therefore are not in any form supervised, controlled, or approved by him.

## VII.    Fifth Cause of Action: Action for damages for unlawful competition and infringement of the Trademark Law of Puerto Rico

81.     The allegations contained in paragraphs 1 to 80 are incorporated to this Complaint.

82.     Bart Enterprises has infringed the law of trademarks and violated Walter Mercado's and Astrumundo Inc.'s property rights over the mark Walter Mercado, while intentionally, fraudulently, and deceivingly utilizing the same to operate an interactive website with the IP address of waltermercado.net and a psychic line 1-800-883-9520 falsely advertising psychic services as if they were approved and supervised by Walter Mercado, when he has no relation whatsoever to such services. The use of the mark "Walter Mercado" constitutes a fraud and deception to the consumers who access the website and the psychic line, and who pay for the services under the impression that in some form those have been promoted, approved, or supervised by Walter Mercado, which is false.

83.     Whereas the contract only allows Bart the use of the mark Walter Mercado in relation to the materials created with the psychic and astrological services of Walter Mercado and therefore related to them, any use by Bart or its grantees of the mark Walter Mercado in relation with materials that were not produced with the services of Walter Mercado or through his participation, is beyond the scope of the rights granted under the contract.

84.     In view of the preceding, even if the contract were not expired, and given the fact that Walter Mercado does not currently provide any services to Bart Enterprises or has any obligation to do so since June 5, 2007, the use by Bart Enterprises of the mark Walter Mercado in the website waltermercado.net or in the psychic line 1-800-883-9520 violates the property rights of Walter Mercado; it constitutes unlawful competition and a violation of the trademark laws of Puerto Rico, as amended, 10 L.P.R.A §171 et seq.

85.     Walter Mercado and Astromundo Inc. have the right to and hereby demand compensation for damages caused by the illegal use of the mark "Walter Mercado" by Bart Enterprises on the interactive website waltermercado.net that includes but is not

limited to the gross profit that Bart has received for the improper use of the mark, the revenue that the Plaintiffs have failed to receive as a result of the actions of Bart Enterprises, the value of the undermining that the actions of Bart Enterprises have caused to the mark, and any other damages that this Court deems legally appropriate.

86.   In light to the above mentioned allegations we petition this Honorable Court to issue a ruling to compel Bart Enterprises to compensate Walter Mercado and Astromundo Inc. for damages in an amount no less than $5,000,000.00 and the attorney fees and costs incurred in this litigation.

## VIII.   Sixth Cause of Action: Action in Damages For Inappropriate Use of Name and Image of Walter Mercado

87.   The allegations in paragraphs 1 to 86 are incorporated to the present Complaint and made part of this action.

88.   Bart Enterprises violated the personal rights of Walter Mercado over his name and image, while intentionally utilizing the same for its own profit without the authorization of Walter Mercado.

89.   Bart Enterprises uses the name, image and likeness of Walter Mercado to promote an interactive website with the IP address waltermercado.net and a psychic telephone line 1-800-883-9520 falsely advertising psychic services as if Walter Mercado had supervised or authorized them. Such actions constitute a fraud and a deceit to consumers because they are under the impression that such services are in some form or way supervised or authorized by Walter Mercado, which is false.

90.   Whereas the contract only allows Bart the use of the name and image of Walter Mercado in relation to the materials created with the psychic and astrological services of Walter Mercado and therefore related to them, any use by Bart or its grantees of the name and image of Walter Mercado in relation with materials that were not produced with the services of Walter Mercado or through his participation, is beyond the scope of the permission granted by Walter Mercado under the contract to use his name, image or likeness. Such use is therefore illegal.

91.   In accordance with the previously stated, even if the contract were not terminated, and given the fact that Walter Mercado currently does not provide any services to Bart Enterprises, nor does he have any obligation to do so since at least June 5, 2007, Walter Mercado has right to and hereby demands the compensation for damages caused by the illegal use of his name and image by Bart in the interactive website waltermercado.net and the telephone psychic line

1-800-883-9520. The damages that are being petitioned include but are not limited to the gross profit that Bart Enterprises received for the inappropriate use of the name and image of Walter Mercado, the revenue that the Defendants failed to receive as a result of the actions of Bart Enterprises, the value of the undermining that the actions of Bart Enterprises have caused to the good name and image of Walter Mercado, and any other damages that this Court deems legally appropriate.

## IX.    Seventh Cause of Action: Petition of Preliminary and Permanent Injunction

92.    The allegations in paragraphs 1 to 91 are incorporated to the present Complaint and made part of this action.

93.    Due to the termination of the contract and, alternatively, being that Bart Enterprises is using the name, image, and mark of Walter Mercado out of the scope authorized by the terms of the contract, in a fraudulent and deceitful way to consumers, Walter Mercado and Astromundo, Inc, have a right to and hereby demand that this Court issues a preliminary and permanent injunction against Bart Enterprises, requiring them to immediately stop, cease, and desist in the use of the image, name, and mark of Walter Mercado. Alternatively, Plaintiffs petition the Court to issue a preliminary and permanent injunction prohibiting the use of name, image, and mark of Walter Mercado in relation to astrological and psychic services that are not work products of Mr. Mercado and have not been approved, supervised, or controlled in any way by him.

94.    Walter Mercado and Astromundo Inc. have no other appropriate remedy in the law to assert their rights over his name, image, and mark.

## X.    Eight Cause of Action: Cause of Action for Damages under Article 1802

95.    The allegations in paragraphs 1 to 93 are incorporated to the present Complaint and made part of this action.

96.    As alleged in the current Complaint, Bart Enterprises has incurred in willful, devious, and negligent actions in communicating with third parties interested in contracting the astrological and psychic services of Walter Mercado and threatening them with a lawsuit or intimidating them into signing a contract with them instead, falsely informing them that they own the mark "Walter Mercado" and that Walter Mercado has no right over it.

97.    The actions of Bart Enterprises, through Guillermo Bakula, have caused and continue to cause damage to Walter Mercado by creating an impasse that prevents him from contracting with third parties so that he can work and generate the income to which

he is entitled to by virtue of his well known talents as a psychic and astrologer, which constitute his only means of support.

98.        The damages caused by reason of the income not received are calculated at the moment to be $5,000,000.00.

99.        On the other hand, such actions have caused Walter Mercado and Astromundo Inc. to be unable to promote and give exposure to the name, mark, and services of Walter Mercado internationally for a significant amount of time, which affects the value of the mark "Walter Mercado" and his image. The damages caused to the mark of Walter Mercado are presently estimated to be no less than $7,500,000.00.

100.       Walter Mercado has suffered mental anguish for finding himself unable to practice his profession freely and generate the income that his reputation and fame as an astrologer and psychic for four decades have entitled him to, this being due to the illegal and negligent actions of Bart Enterprises and of his director Guillermo Bakula. The damages for mental suffering are estimated in an amount no less than $2,000,000.00.

101.       Walter Mercado and Astromundo Inc. petition that by virtue of the provisions in Article 1802 of the Civil Code, 31 L.P.R.A §5141, sentence Bart Enterprises to pay an amount no less than $14,500,000.00 for the damages caused.

## XI.        Ninth Cause of Action: Infringement of Trademark under the Lanham Act

102.       The allegations in paragraphs 1 to 101 are incorporated to the present Complaint and made part of this action.

103.       Given that the contract is now terminated, Walter Mercado is the owner of the mark "Walter Mercado". Even if the contract were not terminated, Walter Mercado never granted nor authorized in the contract the use of the mark Walter Mercado to advertise astrological and psychic services that are not in any way or form controlled, promoted, approved, or supervised him.

104.       The use by Bart Enterprises of the mark Walter Mercado in advertising psychic and astrological services is confusing and deceiving the consumers by creating the false impression that such services are indeed related, approved, or supervised by Walter Mercado, which is false.

105.       The actions of Bart Enterprises described in the above paragraphs have been intentional and have been carried out and continued even after being duly notified about the Walter Mercado's rights over his name, image, and mark, and the deceit that they are imposing on the consumers. This has been done with the purpose and intention of illegally taking advantage of the good name and fame of Walter Mercado. Therefore, it

constitutes a violation of the property rights of Walter Mercado over the mark Walter Mercado, and by extension, of the Lanham Act, Section 43 (a), 15 .U.S.C. §1125 (a).

106.     In the absence of an injunction, Walter Mercado and the consumers will continue suffering irreparable damages in relation to the illegal use of the mark Walter Mercado by Bart Enterprises.

107.     Walter Mercado has the right to and hereby demands a preliminary and permanent injunction against Bart Enterprises and the compensation for the income received by Bart Enterprises in relation to the illegal use of the mark Walter Mercado, and triple the damages suffered by Walter Mercado, plus attorneys fees and costs, by virtue of the provisions of sections 35 and 43(a) of the Lanham Act 15 U.S.C.S. §1125(a)

## XII.     Tenth Cause of Action: Violation of the Lanham Act for False Denomination of Origin

108.     The allegations in paragraphs 1 to 107 are incorporated to the present Complaint and made part of this action.

109.     The actions of Bart Enterprises alleged in this Complaint before and after the termination of the contract with respect to the use of the mark Walter Mercado to advertise and operate a psychic service via the internet at waltermercado.net and over the phone at 1-800-883-9520, which constitutes a misrepresentation and deceit to the consumers regarding the origin of such services, while representing that Walter Mercado is controlling, promoting, or supervising such services, which is false.

110.     The unauthorized use of the mark Walter Mercado on the website waltermercado.net and the psychic phone line 1-800-883-9520 by Bart Enterprises is causing confusion to the consumer by falsely representing that the services correspond in some form or are related to Walter Mercado. This way Bart Enterprises has taken upon itself to utilize the reputation and "good will" of Walter Mercado as a psychic and astrologer to profit illegally from the unauthorized use of the mark Walter Mercado.

111.     The actions of Bart Enterprises described in the paragraphs above constitute a false designation of origin under section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).

112.     The actions of Bart Enterprises described in the paragraphs above are intentional and have been continued even after being duly notified about Walter Mercado's rights over his name, image, and mark; and the confusion that they are causing on consumers.

113.     In the absence of an injunction, Walter Mercado and the consumers will continue suffering irreparable damages in relation to the false denomination of origin of the mark Walter Mercado, by Bart Enterprises.

114.     Walter Mercado has the right to and hereby demands a preliminary and permanent injunction against Bart Enterprises in relation to the false denomination of origin of the mark Walter Mercado, and triple the damages suffered by Walter Mercado, plus attorneys fees and costs, by virtue of the provisions of section 35 and 43 (a) of the Lanham Act 15 U.S.C.S. §1117 (a) and §1125 (a).

**XIII.     Eleventh Cause of Action: Unlawful Competition under the Lanham Act**

115.     The allegations in paragraphs 1 to 114 are incorporated to the present Complaint and made part of this action.

116.     The actions of Bart Enterprises alleged in this Complaint before and after the termination of the contract with respect to the unauthorized use of the mark Walter Mercado to advertise and operate psychic services via internet at waltermercado.net and a phone line at 1-800-883-9520, which constitutes a misrepresentation and deceit to the consumers by representing that such services are supervised, authorized and overseen by Walter Mercado, which is false. This constitutes unlawful competition under section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).

117.     The acts of Bart Enterprises described in the paragraphs above are intentional and have been continued even after being duly notified about Walter Mercado's rights over his name, image, and mark; and the confusion that they are causing on consumers.

118.     In the absence of an injunction, Walter Mercado and the consumers will continue suffering irreparable damages in relation to the unlawful competition by Bart Enterprises.

119.     Walter Mercado has the right to and hereby demands a preliminary and permanent injunction against Bart Enterprises in relation to unlawful competition by Bart Enterprises, and triple the damages suffered by Walter Mercado, plus attorneys fees and costs, by virtue of the provisions of section 35 and 43 (a) of the Lanham Act 15 U.S.C.S. §1117 (a) and §1125 (a).

**XIV.     Twelfth Cause of Action: False Advertising under the Lanham Act**

120.     The allegations in paragraphs 1 to 119 are incorporated to the present Complaint and made part of this action.

121.     The actions of Bart Enterprises alleged in this Complaint before and after the termination of the contract with respect to the unauthorized use of the mark Walter Mercado to advertise and operate psychic services via internet at waltermercado.net and a phone line at 1-800-883-9520, which constitutes a misrepresentation and deceit to the

consumers by representing that such services are supervised, authorized and overseen by
Walter Mercado, which is false. This constitutes unlawful competition under section 43
(a) of the Lanham Act, 15 U.S.C. §1125 (a).

122.        The acts of Bart Enterprises described in the paragraphs above are
intentional and have been continued even after being duly notified about Walter
Mercado's rights over his name, image, and mark; and the confusion that they are causing
on consumers.

123.        In the absence of an injunction, Walter Mercado and the consumers will
continue suffering irreparable damages in relation to the false advertising by Bart
Enterprises.

124.        Walter Mercado has the right to and hereby demands a preliminary and
permanent injunction against Bart Enterprises in relation to unlawful competition by Bart
Enterprises, and triple the damages suffered by Walter Mercado, plus attorneys fees and
costs, by virtue of the provisions of section 35 and 43 (a) of the Lanham Act 15 U.S.C.S.
§1117 (a) and §1125 (a).

## XV.        Thirteenth Cause of Action: Violation to the Cybersquatting Consumer Protection Act

125.        The allegations in paragraphs 1 to 124 are incorporated to the present
Complaint and made part of this action.

126.        Bart Enterprises registered a "domain name" waltermercado.net and is
utilizing it with the malicious intent of taking advantage of the value of the name and
mark "Walter Mercado" to advertise psychic and astrological services that do not
correspond to Walter Mercado, and that are in no way approved, controlled, or supervised
by him.

127.        By virtue of the termination of the contract and, alternatively, by virtue
that Walter Mercado never had the intention or pact with Bart Enterprises to allow the
use of his name, image, and mark to promote psychic and astrological services totally
alien to him, the registration or commercial use that Bart Enterprises has presently made
of the "domain name" waltermercado.net is illegal and violates the Anti-cybersquatting
Consumer Protection Act, 15 U.S.C.A. sec. 1125 (d).

128.        Walter Mercado has the right to and hereby demands the cancellation of
such "domain name" waltermercado.net and/or that the title of such be transferred to
Walter Mercado, plus compensation for the revenue received by Bart Enterprises in
connection to the use of the "domain name" and triple the damages suffered by Walter

Mercado, plus attorneys fees and costs by virtue of the provisions of sections 35 and 43 (a) of the Lanham Act 15 U.S.C.S. §1117 (a) and §1125 (a).

**Wherefore:** Walter Mercado and Astromundo Inc. petition this Court:

(1) To issue a declaratory ruling declaring that the contract has been validly terminated and declared null and void by Walter Mercado;

(2) To sentence Bart Enterprises to pay an amount no less than $5,000,000,00 for damages and breach of contract;

(3) To issue a declaratory ruling declaring that Walter Mercado as of this day has no obligation to render services of any kind to Bart Enterprises and had no such obligation since at least June 7, 2007.

(4) To issue a declaratory ruling declaring that due to the termination of the contract, Bart Enterprises has no right under the terms of the same to utilize the mark, "Walter Mercado" or the name or image of Walter Mercado in relation to psychic or astrological services that are not work products of Walter Mercado, and therefore have in no way been authorized, controlled, or supervised by him, and also declaring that irrespective of the termination of the contract, Walter Mercado, as the owner of his name, image, and mark, has the right to use them to his own economic benefit without interference by Bart.

(5) To sentence Bart Enterprises to pay damages for no less than $14,500,000.00 for the inappropriate and unauthorized use of the name and image of Walter Mercado, in violation of the Trademark Law of Puerto Rico, violation of the Lanham Act and of Article 1802 of the Civil Code;

(6) To issue a preliminary and permanent injunction against Bart Enterprises ordering that they immediately stop, cease and desist in the use of the name, image, and mark of Walter Mercado. Alternatively, the Plaintiffs petition this Court to issue a preliminary and permanent injunction against Bart Enterprises requiring them, under peril of contempt, to immediately stop, cease, and desist in the use of the name, image, and mark of Walter Mercado in relation to psychic and astrological services that are not the work product of Walter Mercado and as such have not been approved, supervised or controlled in any way by him;

(7) To order the cancellation of the domain name "waltermercado.net" and/or order the title of such to be transferred to Walter Mercado;

(8) To sentence Bart Enterprises to pay the attorneys fees and costs, and any other amount provided by the law.

**Respectfully Submitted**

In San Juan, Puerto Rico, May 15, 2009.

PIETRANTONI, MÉNDEZ & ÁLVAREZ LLP
Banco Popular Center, 19th Floor
209 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel.:   (787) 274-1212
Fax:   (787) 274-1470

_____

Néstor M. Méndez Gómez
Bar No. 5640
nmendez@pmalaw.com

[ILLEGIBLE SIGNATURE]
María D. Bertólez Elvira
Bar No. 14474
mbertolez@pmalaw.com

[DOCUMENTARY
STAMPS]

[ILLEGIBLE SIGNATURE]
María Dolores Trelles Hernández
Bar No. 16631
mtrelles@pmalaw.com

TRANSLATOR'S CERTIFICATE OF ACCURACY:

I, Dr. Erik Camayd-Freixas, hereby certify that I am a US Court Certified Interpreter, and that the foregoing is to the best of my knowledge and ability a true, accurate, and complete translation from Spanish into English of the Complaint of Walter Mercado, submitted to me in PDF facsimile.

_____   June 4, 2009