IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WALTER MERCADO-SALINAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BART ENTERPRISES INTERNATIONAL, LTD., et al.,<br><br>    Defendants. | CIVIL NO. 09-1509 (GAG/BJM) |

### OPINION AND ORDER

Defendants Bart Enterprises International, Ltd. ("Bart"), Walter International Productions, Inc. ("International Productions"), Watervision, Inc. ("Watervision"), Waltervision Productions, Inc. ("Waltervision"), Walter Mercado Radio Productions, Inc. ("Radio Productions"), Walter Mercado Enterprises Corp. ("Walter Enterprises"), Arcane Creative, LLC ("Arcane"), and Guillermo Bakula ("Bakula") (collectively, "defendants" or "Bart Parties") moved to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. §1404(a). (Docket No. 7). The instant proceedings were stayed pending a ruling on the motion to transfer. (Docket No. 8). Plaintiffs Walter Mercado-Salinas ("Mercado") and Astromundo, Inc. ("Astromundo") (collectively, "plaintiffs" or "Mercado Parties") opposed the transfer motion (Docket No. 19), and moved to remand the case to the courts of the Commonwealth of Puerto Rico, citing the parties' contractual choice of forum and defendants' defective removal of the case to federal court pursuant to 28 U.S.C. §1447(c). (Docket No. 15). Defendants opposed the motion to remand. (Docket No. 28). The motion to transfer and the motion to remand were referred to me for resolution by the presiding district judge. (Docket No. 8, 45). See 28 U.S.C. §636(b)(1)(A); Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F.Supp. 740 (D.R.I. 1996) (magistrate judge has authority to resolve motion to remand); Shenker v. Murasky, 1996 WL 650974 (E.D.N.Y. 1996) (motion to transfer venue is non-case-dispositive matter). For the reasons that follow, the motion to remand is denied, and the motion to transfer is granted.

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**  Page 2
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

### FACTUAL AND PROCEDURAL BACKGROUND

This case is related to two other cases that were consolidated in the Southern District of Florida ("Consolidated Florida Cases" or "Consolidated Cases"). (Docket No. 44-2, 1, n.1). Both the Consolidated Florida Cases and the instant action arise from alleged breaches of a contract (the "Agreement") between plaintiff Mercado and defendant Bart Enterprises.

The plaintiffs here were also the plaintiffs in one of the Consolidated Cases that was filed originally in this court and thereafter transferred to Florida.[1] With the exception of Arcane, the defendants in the instant action were also the defendants in the First Puerto Rico Case. (Id.). The other Consolidated Case was originally filed in the Southern District of Florida.[2] In that case, the parties are the same as here but reversed – that is, the plaintiffs here are the defendants in the Florida Case, and the defendants here (except Arcane) are the plaintiffs in the Florida Case.[3] (Id.). To avoid confusion, this Order will refer to the "Bart Parties" and the "Mercado Parties" in discussing the Consolidated Florida Cases.

The instant case was filed in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, on May 18, 2009; defendants were served with process on May 26, 2009. (Docket No. 1, ¶¶ 1, 4). Defendants removed the case to this court on June 8, 2009. (Docket No. 1).

**I.   The Parties' Agreement and the Consolidated Florida Cases**

The Agreement at issue in both the Consolidated Florida Cases and the instant action was executed in August 1995 between plaintiff Mercado, a well-known media psychic and astrologer, and defendant Bart Enterprises. (Civ. No. 07-1113, Docket No. 114, 2). Under the Agreement, Bart

---

[1] District of Puerto Rico civil case No. 07-1113, hereinafter the "First Puerto Rico Case."

[2] Southern District of Florida civil case No. 07-20136, hereinafter the "Florida Case."

[3] Bakula is the president of Bart and president and director of the six other corporate defendants in the instant action, including Arcane. (Docket No. 7-5, 1-2). Bakula was not originally a plaintiff in the Florida Case, but because he was a defendant in the First Puerto Rico Case, the Florida court referred to him as one of "Plaintiffs" in the Consolidated Florida Cases. (Docket No. 44-2, 1, n.1).

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 3 of 19

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.           Page 3
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

was to produce, market, and distribute entertainment programming featuring Mercado. (Id.). The Agreement also assigned and/or licensed to Bart certain copyrights as well as Mercado's common-law trademark in his name and likeness. (Id.; Docket No. 44-2, 2). Mercado agreed to perform services necessary to produce the material. (Civ. No. 07-1113, Docket No. 114, 2). Exercising its assignment right in the Agreement,[4] Bart eventually assigned portions of its rights to multiple parties, including International Productions, Watervision, Waltervision, Radio Productions, and Walter Enterprises (the "Walter Assignees"). (Docket No. 44-2, 2). Bart is no longer in existence. (Id.).

The Bart Parties (except Bakula) filed the Florida Case in January 2007, claiming that Mercado had breached the Agreement. (Id. at 2-3). Mercado had formally attempted to terminate the Agreement on November 22, 2006, on the grounds that Bart had failed to pay Mercado his contractual fees. (Id. at 2). The Bart Parties' suit alleged claims for breach of contract and for tortious interference with contracts that certain of the Bart Parties had with Univision and Televisa. (Id.). The Mercado Parties brought a counterclaim alleging various claims, including, *inter alia*, breach of contract and violation of trademark laws. The counterclaim sought injunctive relief and a declaratory judgment as to the validity of the Agreement. (Id. at 3). On the parties' cross-motions for summary judgment in the Florida Case, the Florida court, applying Puerto Rico law,[5] held that the Agreement was valid; it further held that the issue of who owned the trademark could be determined only after a decision was rendered on the question of whether the Agreement was properly terminated. (Id. at 3).

The Mercado Parties also filed their own suit, the First Puerto Rico Case, making basically the same claims and prayers for relief as in their Florida Case counterclaim. (Id. at 3-4; Civ. No. 07-

---

[4] Mercado, for his part, could not assign his rights under the Agreement without Bart's prior written consent. (Civ. No. 07-1113, Docket No. 114, p. 2).

[5] The Florida court applied Puerto Rico law in deciding the summary judgment motion. (Id. at 3). The jury also applied Puerto Rico law to determine the breach-of-contract claims, in accordance with the Agreement's choice-of-law clause, but the damages phase was determined under Florida law. (Id. at 7-8).

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.   Page 4
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

1113, Docket No. 1). The Florida Case, filed in January 2007, was filed before the First Puerto Rico Case was filed in February 2007. (Docket No. 44-2, 3-4). In light of the overlap of claims and parties between the two cases, as well as the location in Florida of documentary evidence and witnesses and the more advanced procedural stage of the Florida Case, this court decided that the Southern District of Florida was a more convenient forum and transferred the First Puerto Rico Case case to the Southern District of Florida.[6] (Civ. No. 07-1113, Docket No. 114, 132). This court also based its decision to transfer on the holding in the magistrate judge's report and recommendation that the forum-selection clause in the Agreement, which stated that "the parties hereto submit to the jurisdiction of the courts of Puerto Rico," was permissive, not mandatory, so this court did not have exclusive jurisdiction.[7] (Civ. No. 07-1113, Docket No. 114, 5-8). After the First Puerto Rico Case was transferred in October 2008, the Florida court consolidated it with the Florida Case for all purposes in November 2008. (Docket No. 44-2, 4).

After the cases had been consolidated and several of the Mercado Parties' claims had been dismissed, the Consolidated Cases proceeded to trial. (Id.). In January 2009, a jury trial was held in two phases. (Id.). In the first phase, the jury heard the parties' cross-claims for breach of the Agreement. (Id.). Its verdict found, in relevant part, that based on evidence presented "showing that money was not owed to Mercado at the time of the attempted termination [in November 2006]," the Bart Parties had not failed to pay compensation owing and thus had not breached the Agreement. (Id. at 5, 10). The jury further found that Mercado *had* breached the Agreement by, among other actions, improperly terminating it and failing to perform after November 9, 2006. (Id.).

In the second, damages phase, the jury found that none of the Bart Parties had suffered financial damages due to Mercado's breach. (Id. at 5). The jury also found that the Mercado Parties

---

[6] Upon transfer, the First Puerto Rico Case, Civ. No. 07-1113 in this court, became Southern District of Florida civil case No. 08-22070. (Docket No. 44-2, 1, n.1).

[7] See also Docket No. 1-3, ¶ 20(d), for the Agreement's forum-selection clause. The report and recommendation was adopted in full by the presiding district judge. (Civ. No. 07-1113, Docket No. 132).

had interfered with two of the Bart Parties' existing contracts with Televisa and Univision, but without the intent to injure or destroy existing business relationships; therefore, the jury awarded no damages to the Bart Parties on the tortious interference claims. (Id.). Judgment was entered "on all claims" in favor of the Bart Parties, including Bakula, and against the Mercado Parties. (Id.).

II.     **Post-Trial Proceedings in the Consolidated Florida Cases**

After entry of judgment, the parties to the Consolidated Florida Cases filed several post-trial motions which were decided by the Florida court in an order entered September 29, 2009 (the "September 29 Order"), of which this court takes judicial notice.[8] (Docket No. 44-2). The court granted in part the Mercado Parties' motion to alter or amend the final judgment in their favor, finding it had made an error of law in entering judgment in favor of the Bart Parties on the tortious interference claims. (Id. at 6-7). The court also scheduled a hearing of arguments on the issue of trademark ownership, namely, who now has the rights to use Mercado's name and likeness given that "Bart Enterprises is no longer in existence, the trademark was never registered, nor was it ever assigned, other than to Bart, and that Mercado breached the contract with Bart." (Id. at 22). However, in an order dated October 23, 2009 (the "October 23 Order"), of which this court takes judicial notice, the Florida court canceled the scheduled hearing after concluding, on a review of the parties' papers, pleadings, and the complete record, that "there is no case or controversy pending before the Court by which the Court could address the trademark issue."[9] (Docket No. 47-2).

On October 26, 2009, the Florida court entered another order amending its September 29 Order (the "October 26 Order"), of which this court takes judicial notice. (Docket No. 49-2). The Florida court found that it lacked jurisdiction to hear the trademark claims because the Mercado

---

[8] In light of the "September 29 Order," defendants made a supplementary motion requesting stay or transfer of venue (Docket No. 44), and plaintiffs opposed. (Docket No. 46).

[9] Plaintiffs in the instant action filed an informative motion regarding this order and urgently requested remand of the instant action or, in the alternative, that this court set a hearing to decide whether to issue a preliminary injunction against the instant defendants' continued use of the Walter Mercado name, likeness, and mark. (Docket No. 47).

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.  Page 6
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

Parties' trademark infringement claim was never tried, as it had become moot upon the jury's finding that Mercado, not Bart, breached the Agreement. (Id. at 22). As the Agreement provides that trademark rights revert to Mercado only upon valid termination of the Agreement, and the jury had found there was no valid termination, "no event had occurred that would cause the trademark rights to revert to Mercado." (Id.). Therefore, Mercado's "claim for trademark infringement was moot and impliedly dismissed." (Id.). The Florida court further concluded that the Bart Parties "have no pending claims or issues for adjudication by the Court," so "there is no case or controversy currently before this Court." (Id. at 23). The Florida court stated that it will enter a separate amended final judgment in accordance with the order. (Id. at 24).

### III. The Instant Action

The complaint[10] in the instant case pleads thirteen causes of action for claims mostly sounding in contract and trademark and seeks damages, collection of monies, and declaratory and injunctive relief. (Docket No.1-4). The plaintiffs allege that the defendants have failed to pay fees due under the Agreement since November 6, 2006, the plaintiffs demanded payment, and the defendants' continued refusal to pay breached the Agreement and rendered the contract null and void as of April 4, 2009, thereby causing defendants' rights assigned under the Agreement to revert back to Mercado. (Docket No. 1-4, ¶¶ 47, 56-59). The plaintiffs allege that Mercado validly terminated the Agreement in a letter to defendants on May 15, 2009. (Docket No. 1-4, ¶ 58).

The plaintiffs' three contract claims seek (1) a declaratory judgment that defendants breached the Agreement and that the Agreement was validly terminated by Mercado; (2) damages for the alleged breach; and (3) a declaratory judgment that Mercado no longer owes defendants any services due to the Florida court's construing his obligations under the Agreement to have a ten-year term. (Id., ¶¶ 64-76). The plaintiffs also plead eight claims relating to the Walter Mercado name, image,

---

[10] As the original complaint filed in the Commonwealth court is in Spanish, this Order cites to the Translated Complaint. (Docket No. 1-4).

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 7 of 19

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**  Page 7
Civil No. 09-1509 (GAG/BJM)
**OPINION AND ORDER**

and trademark.[11]  These claims are brought under both Puerto Rico trademark law, 10 L.P.R.A. § 171 *et seq.*, and the federal Lanham Trademark Act, 15 U.S.C. §§ 1117(a), 1125(a).  (Id., ¶¶ 77-94, 102-24).  Plaintiffs additionally plead two further claims related to the disputed trademark.  One is a claim for violation of the Anticybersquatting Consumer Protection Act ("ACCPA"), 15 U.S.C. § 1125(d), due to defendants' use of the domain name waltermercado.net.  (Id., ¶¶ 125-28).  The other is a claim under Puerto Rico's general negligence statute, 31 L.P.R.A. § 5141, that defendants' claim of ownership of the "Walter Mercado" mark prevents plaintiffs from being able to contract with third parties to provide Mercado's services, causing damage to the mark, loss of income to plaintiffs, and mental anguish to Mercado.  (Id., ¶¶ 95-101).

The complaint also addresses the Consolidated Florida Cases.  (Id., ¶¶ 39-40, 43-46).  The plaintiffs allege that while Mercado was judged to have breached the Agreement, the ten-year term determined by the Florida court means Mercado's obligations to provide his services ended as of either June 2005, or June 2007 (if Bart exercised its discretion to extend the contract term by two years).  (Id., ¶¶ 40, 44-46, 73-74).  The complaint omits that the defendants here were judged not to have failed to make their payments or to have breached the Agreement as of November 2006.

The instant action basically picks up where the Consolidated Florida Cases left off.  It alleges that the Agreement has been nullified due to defendants' non-payment since November 2006.  The defendants allegedly owe these payments to the plaintiffs because the Agreement obligates defendants to continue paying monthly fees for the rights assigned in perpetuity, even though Mercado's own obligation under the Agreement to help create new materials has ceased. (Docket No. 1-4, ¶ 48).  Plaintiffs allege that because the non-payment breached the Agreement, the

---

[11] Plaintiffs allege that Mercado assigned Astromundo the "Walter Mercado" trademark and that Astromundo's trademark application with the United States Patent and Trademark Office ("USPTO" or "PTO") is still pending due to an opposition by the defendants.  (Docket No. 1-4, ¶ 38).  Plaintiffs also allege that given defendants' default on payments and Mercado's termination of the Agreement, Astromundo, with Mercado's consent, submitted the "Walter Mercado" mark for registration at the Trademark Office of Puerto Rico on May 15, 2009.  (Id., ¶ 63).

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**  Page 8
Civil No. 09-1509 (GAG/BJM)
**OPINION AND ORDER**

defendants' continued use of the materials covered by the Agreement is now illegal.

Defendant Arcane's involvement in the current case steams from plaintiffs' allegations that Bart non-exclusively assigned its rights under the Agreement to Arcane. (Docket No. 1-4, ¶ 37). Plaintiffs allege that "Bart manages through Arcane Creative LLC the website waltermercado.net," which falsely advertises that Mercado manages and endorses the site's "interactive astrological and psychic consultation" services. (Id., ¶¶ 49-52). Plaintiffs allege further that defendants established a pay-per-minute psychic telephone service line, falsely representing that the service belongs to Mercado, and have begun advertising job positions for psychics to "work with Walter Mercado from home, illegally utilizing Walter Mercado's name." (Id., ¶¶ 53-54). In short, the complaint alleges that Bart and Arcane are illegally using the Walter Mercado name, image, and mark in connection with the waltermercado.net website and the pay-per-minute telephone service.

After the case was removed to this court, the parties made their respective motions for transfer or remand. (Docket No. 7, 15). These motions raise certain arguments that are legally and factually similar to those already addressed in the First Puerto Rico Case. First, defendants move to transfer the instant action to the Southern District of Florida, citing the "first-to-file" rule with respect to the Consolidated Florida Cases. Second, plaintiffs seek to remand the instant action to the Commonwealth courts on the same basis on which they argued against transfer of the First Puerto Rico Case: that the forum-selection clause in the Agreement is mandatory, not permissive, and should be enforced even if it is permissive. In addition, in a new argument that was not (and could not have been) made in the First Puerto Rico Case, plaintiffs argue that defendants' removal of the instant action to federal court was fatally defective. These issues are addressed below.

## DISCUSSION

**I.    Plaintiffs' Motion to Remand**

Defendants removed the instant action to this court on June 8, 2009. (Docket No. 1). The federal removal statute, 28 U.S.C. § 1441(a), states in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**  Page 9
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1446(a) provides that the party requesting removal shall file in the district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after the service upon the defendant of the complaint. 28 U.S.C. § 1446(b).

"A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). When a party challenges the removal, the removing party bears the burden of showing that removal is proper. Padilla-Gonzalez v. Local 1575, 635 F. Supp. 2d 105, 108 (D.P.R. 2009) (internal citations omitted). Removal statutes are strictly construed against removal. Id.; see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). It is within the court's discretion to decide whether to remand a case due to procedural defects in the removal filing. 28 U.S.C. § 1447(c).

Plaintiffs do not contest that this court has original jurisdiction over the instant action on the bases of both complete diversity between the parties and the federal questions presented by the Lanham Act and ACCPA claims. Nevertheless, plaintiffs argue that the instant case should be remanded because, first, the forum-selection clause in the Agreement ("the parties hereto submit to the jurisdiction of the courts of Puerto Rico") mandates jurisdiction only in the Commonwealth courts.[12] (Docket No. 15, 6-11). Second, plaintiffs argue that even if the clause is not mandatory,

---

[12] I note that this position is contrary to the one plaintiffs espoused in the Consolidated Florida Cases. The plaintiffs' complaint in the First Puerto Rico Case stated that "proper venue lies in the District of Puerto Rico to bring this action, as per [the] 'choice of forum' provision agreed thereto by the parties and contained in aforesaid Agreement." (Civ. No. 07-1113, Docket No. 1, 3). In a October 13, 2009 brief submitted to the Florida court, the plaintiffs state that the instant action "was removed to the U.S. District Court for the District of Puerto Rico; is currently pending before said Court and *must* be

it should be enforced since the defendants drafted the Agreement, including the clause, and have not demonstrated why the clause should not be enforced. (Id. at 11-15). Finally, plaintiffs argue that because the defendants' Notice of Removal failed to include a copy of the process served on them, and defendants did not cure the omission within thirty days, the removal was fatally defective. (Id. at 3-6).

Plaintiffs argue first that the Agreement's forum-selection clause is mandatory and should be enforced absent any showing by the defendants why it should not be. Generally, "such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 386 (1st Cir. 2001); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). When found to be mandatory rather than permissive, a forum selection clause ordinarily will be enforced. Intercall Telecommc'ns, Inc. v. Instant Impact, Inc., 376 F. Supp. 2d 155, 158 (D.P.R. 2005); see also Autoridad de Energía Eléctrica v. Ericsson Inc., 201 F.3d 15, 19 (1st Cir. 2000); Redondo Constr. Corp. v. Banco Exterior de España, 11 F.3d 3, 6 (1st Cir. 1993). However, a mandatory clause does not divest a court of jurisdiction, as the clause constitutes only a stipulation by the parties asking the court to honor their agreement by declining to exercise its jurisdiction. Intercall, 376 F. Supp. 2d at 158, n.2. Furthermore, courts are hesitant to enforce forum selection clauses unless they clearly state the parties' unambiguous intent that the controversy be litigated exclusively in a particular forum. Cummings v. Caribe Mktg. & Sales Co., Inc., 959 F. Supp. 560, 565 n.7 (D.P.R. 1997).

In Redondo Construction, the forum-selection clause provided that the parties "each hereby expressly submit to the jurisdiction of all Federal and State courts located in the State of Florida." The First Circuit ruled that the clause did not prohibit the plaintiff from suing in the District of Puerto Rico, because "[a]ffirmatively conferring Florida jurisdiction by consent does not negatively

---

litigated in said forum." (Docket No. 46-4, 6) (emphasis added). Because the plaintiffs have never prevailed on that argument, however, they are not now judicially estopped from making a contrary argument to this court. InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003).

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 11 of 19

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**  Page 11
Civil No. 09-1509 (GAG/BJM)
**OPINION AND ORDER**

exclude any other proper jurisdiction." Redondo Construction, 11 F.3d at 5-6.  In Ericsson, the forum-selection clause provided that "the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico."  Relying on this clause, this court remanded the case to the Commonwealth courts.  On appeal, the First Circuit vacated the remand order because it found the forum selection clause was permissive, not mandatory, and should have been read like the one in Redondo Construction.  Ericsson, 201 F.3d at 18-19.

Here, the forum-selection clause provides that "the parties hereto submit to the jurisdiction of the courts of Puerto Rico."  (Docket No. 1-3, ¶ 20(d)).  This clause is identical in all significant respects to the clause in Ericsson.  Reading the clause in light of Redondo Construction and Ericsson, I conclude that the clause is permissive, not mandatory, and therefore does not compel remand to the Commonwealth courts.  This court reached this same conclusion about the forum-selection clause before, and plaintiffs have made no new arguments to convince me to disturb that prior decision.  (See Civ. No. 07-1113, Docket No. 114, 8; Civ. No. 07-1113, Docket No. 132).  Therefore, I find that plaintiffs' first two arguments against remand are unavailing.

The plaintiffs' last argument is that remand is required due to a technicality.  Plaintiffs allege that the defendants did not include a copy of the process served on them when they filed their Notice of Removal to this court, and did not cure this omission within the statutory thirty-day period for removal.  (Docket No. 15, 2-6).  The defendants admit the oversight and have attached the missing copy of service of process to their motion opposing the motion to remand, filed on July 29, 2009, after the statutory thirty-day period had elapsed.  (Docket No. 28, 4; 28-3; 28-4).

Plaintiffs argue that because removal statutes are strictly construed, this omission is fatal to the removal and warrants remand.  Plaintiffs acknowledge that the issue has not been discussed in this district or by the First Circuit and cite cases from other jurisdictions that hold failure to file a copy of process with the notice of removal requires remand.  (Docket No. 15, 3-4) (citing cases).  Defendants agree that this is an issue of first impression in this district, but argue that the rule cited by plaintiffs is a minority position, and that the majority rule is that failure to include a copy of

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**  Page 12
Civil No. 09-1509 (GAG/BJM)
**OPINION AND ORDER**

process is a minor, curable defect that does not affect the court's jurisdiction. (Docket No. 28, 4-9) (citing cases).

Importantly, the thirty-day statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional. Renaissance Marketing, Inc. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 204 (D.P.R. 2009) (citing Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980)); see also Ayers v. Watson, 113 U.S. 594, 598 (1885) (modern removal statute's predecessor prescribing "the mode of obtaining [removal], and the time within which it should be applied for . . . is but modal and formal" and its conditions, "though obligatory, may, to a certain extent, be waived"). Thus, this court is not deprived of jurisdiction by the defendants' failure to cure their omission within the thirty days prescribed by statute. The question, then, is whether defendants' non-jurisdictional breach of the requirement to file all documents within 30 days warrants remand.

The statutory period for removal "has not been subject of extended discussion by the First Circuit." Renaissance, 606 F. Supp. 2d at 206. Other jurisdictions, however, provide persuasive authority dating back over half a century (covering prior versions of the current section 1446) holding that such minor defects in the removal paperwork are curable. See, e.g., Tucker v. Kerner, 186 F.2d 79 (7th Cir. 1951) (failure to post bond simultaneously with removal petition was cured within thirty-day window); Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930 (5th Cir. 1958) (failure to file certain portions of state court record has no effect on removal); Riehl v. Nat'l Mut. Ins. Co., 374 F.2d 739 (7th Cir. 1967) (minor irregularity that copy of complaint was not filed with removal papers); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005) ("the failure to file all the state court papers is curable in the federal court if there is a motion to remand") (internal quotation and alteration omitted); O'Neal v. Moore, 2007 WL 541695, at *16 n.17 (D. Minn. 2007) ("failure to file some of the necessary papers upon removal to federal court is not irremediable, and has no effect on removal if the case is in its nature removable"). See generally 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 13 of 19

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.　　　　　Page 13
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

Procedure § 3733, at 351 (3d ed. 1998) (collecting cases). In contrast with the rule propounded by the plaintiffs, I think the better rule is that a minor[13] procedural defect in filing "a copy of all process, pleadings, and orders" with the removal notice can be cured, and the case may remain in federal court, so long as the removal notice itself was timely filed and otherwise complies with the statutory requirements, the plaintiff is not injured by the defect, and the federal court properly has jurisdiction.

Removal proceedings are in the nature of a process to bring the parties before the federal court. Covington, 251 F.2d at 933. Where a case is lawfully removable, the steps to accomplish removal are procedural, "modal and formal." Tucker, 186 F.2d at 82 (internal citation omitted). The defendants' filing of the process served on them, though tardy, proves to this court that they had notice of the complaint, that all defendants joined in the removal, and that the Notice of Removal was timely, in satisfaction of plaintiffs' concerns. (Docket No. 15, 5). Curing the omission at an early stage of the proceedings renders the initial error harmless, as this court now has a complete copy of the Commonwealth court record prior to removal. Cf. Pena-Crespo v. Puerto Rico, 408 F.3d 10, 14 (1st Cir. 2005); U.S. v. Morales-Madera, 352 F.3d 1, 7 (1st Cir. 2003). The plaintiffs make no contention that they were prejudiced or harmed in any manner by the fact that the process, and the process alone, was filed late. Tucker, 186 F.2d at 82. And, as said, there is no question that this court has jurisdiction over the subject matter of the litigation. Though the defendants made an error in the procedural requirements for removal, they have strictly complied with the jurisdictional requirements to bring the Commonwealth court case before this court of limited jurisdiction. See Renaissance, 606 F. Supp. 2d at 204.

The decision whether to remand a case due to a procedural defect ultimately lies within the sound discretion of the district court. Cf. Hoyos v. Telecorp Commc'ns, 488 F.3d 1, 4 n.2 (1st Cir. 2007) (section 1447(c) authorizes remand for failure to provide documents from the state court record). The defendants have satisfied the court that the removal of this case was proper, and they

---

[13] The court offers no opinion on whether the same rule should apply if a substantial portion of the state court record is omitted from the copies filed with the notice of removal.

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 14 of 19

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**  Page 14
Civil No. 09-1509 (GAG/BJM)
**OPINION AND ORDER**

have cured the procedural defect. For the reasons explained above, the plaintiffs' motion to remand is denied.

## II.   Defendants' Motion to Transfer Venue

On June 15, 2009, defendants filed a motion to transfer the case to the Southern District of Florida (Docket No. 7), noting the prior actions pending before that court based on the Agreement, namely the Consolidated Florida Cases. The defendants first argue that this court should transfer this case because of the parties' pending post-trial motions in the Consolidated Florida Cases. (Docket No. 7, 2, 4-5). These arguments are now moot because the Florida court's September 29 and October 26 Orders have fully disposed of those motions, and the court is expected to enter an amended final judgment. (Docket No. 44-2; Docket No. 49-2). Moreover, the October 26 Order found that "the Court lacks jurisdiction to hear [Mercado's trademark infringement] claims because there is no case or controversy pending before the Court," and denied the Bart Parties' assertion that the court does have jurisdiction over the trademark issue. (Docket No. 49-2, 21-23).[14]

Nevertheless, the federal change-of-venue statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a motion to transfer under section 1404, the court conducts a balancing test. Aguakem Caribe, Inc. v. Kemiron Atlantic, Inc., 218 F. Supp. 2d 199, 203 (D.P.R. 2002). In particular, the court will balance: (1) the overlap in issues, (2) the overlap in parties, (3) convenience to the parties, (4) convenience to witnesses and availability of evidence, and (5) the interest of justice. Where identical

---

[14]  In their informative motion in the instant case requesting that this court take notice of the October 26 Order, the defendants claim that the Order "evidently held who still continues to be the proper owner of the 'Walter Mercado' trademark," that the Florida court "had jurisdiction over the trademark rights," and that the court "entertained the intellectual property rights of the parties in this new case." (Docket No. 49, ¶ 3). This is incorrect. Furthermore, that court never considered plaintiffs' contract claims in the instant case, which concern the defendants' alleged non-payment after November 2006, a time period that was not considered by the Florida jury, and Mercado's alleged termination of the Agreement earlier this year. Thus, the October 26 Order has no bearing on "who still continues to be the proper owner" of the disputed trademark in light of the current claims brought by plaintiffs.

**Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.**
Civil No. 09-1509 (GAG/BJM)
**OPINION AND ORDER**

Page 15

actions are proceeding concurrently in two federal courts, the first filed action is generally preferred in a choice-of-venue decision. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)). Moreover, "[w]here the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996). Nonetheless, when the overlap is not complete, the court must decide on a case-by-case basis, "based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Id. The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum. Id. (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). In the end, the decision to transfer a case is within the sound discretion of the district court. Intercall, 376 F. Supp. 2d at 157.

      Here, the case could have been brought originally in the Southern District of Florida under either diversity jurisdiction or federal question jurisdiction. Moreover, the Florida court had jurisdiction first in the Consolidated Florida Cases. However, consolidation is not possible at this post-trial stage of the Consolidated Florida Cases, so transfer of the instant action based on the "first-filed" rule alone is not appropriate. Nevertheless, in this case I find that transfer is appropriate under section 1404 on grounds of convenience, based on a balancing of the following factors.

      First, the overlap between the two actions, though not total, is very substantial, since the same Agreement is at issue. The contract claims, concerning the defendants' alleged non-payment and Mercado's alleged termination of the Agreement, are nearly identical to those in the Consolidated Cases except in regard to the time period at issue. Plaintiffs claim Mercado properly terminated the Agreement earlier this year due to defendants' non-payment; in the Consolidated Florida Cases, Mercado unsuccessfully claimed he properly terminated the Agreement in November 2006 due to the Bart Parties' non-payment. The trademark claims are more numerous than the contract claims in the instant action, but, though the issue of trademark ownership was not and will not be

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 16 of 19

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.   Page 16
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

adjudicated in the Consolidated Florida Cases, these claims stand or fall on who currently has the rights to the Walter Mercado name, mark, and image – which in turn depends entirely on the Agreement. In short, the two suits, though not identical, are closely related, which weighs in favor of transfer pursuant to section 1404(a). Aguakem, 218 F. Supp. 2d at 203.

Second, a review of the record reveals that the parties in this case are substantially the same with similar interests as in the Consolidated Florida Cases, and are located in Florida or have connections with that state. Arcane is the only party to the instant action that is not a party in the Consolidated Florida Cases. Plaintiffs argue that the addition of Arcane destroys identity of parties, while defendants argue that the rulings in the Consolidated Florida Cases will be binding on the instant parties. But here the court is merely deciding an issue of transfer, not of preclusion; substantial overlap of parties weighs in favor of transfer, and the addition of one new defendant is not fatal to the transfer request. Moreover, Arcane, like the other corporate defendants, is a company headed by defendant Bakula which has been assigned rights granted by Mercado under the Agreement, and even plaintiffs' own pleadings allege that Bart acts "through Arcane Creative LLC." (Docket No. 1-4, ¶ 49).

Third, all corporate defendants except Bart are Florida corporations with their principal place of business in Florida; Bakula, the principal of all corporate defendants (including Bart), is a Florida resident. (Docket No. 7-5, ¶ 6). None of the corporate defendants do business or maintain offices in Puerto Rico. (Id.). Mercado is a Puerto Rico resident and Astromundo a Puerto Rico corporation. (Docket No. 1-4, 1). Plaintiffs argue that contrary to defendants' assertions, Mercado does not travel frequently to Florida nor conducts business there, so transfer would be a great burden on the plaintiffs. (Docket No. 19, 16-17). Yet it appears that Mercado was not greatly inconvenienced in the past by traveling to Florida to litigate the Consolidated Florida Cases. Moreover, in the First Puerto Rico Case, plaintiffs submitted Mercado's declaration that he traveled from Puerto Rico to Miami once a month to record TV segments or ads for Univision. (Civ. No. 07-1113, Docket No. 102-2, ¶ 12). Plaintiffs have not offered any explanation why a trip that was not inconvenient in the

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.  
Civil No. 09-1509 (GAG/BJM)  
OPINION AND ORDER

Page 17

prior case, and was in fact a regular part of Mercado's business, is a "great burden" now. Aguakem, 218 F. Supp. 2d at 203. Further, defendants allege, and plaintiffs do not deny, that Mercado has personal ties to Florida and even owns a residence in Miami. (Docket No. 7, 17). On balance, I find persuasive defendants' arguments that convenience to the parties favors transfer to Florida.

Fourth, the court also considers the convenience to witnesses and availability of evidence in deciding whether to transfer a case. Plaintiffs argue that "the witnesses with information relevant to this issue" – the contract language and the intention of the parties in contracting – "are the parties themselves." (Docket No. 19, 18). Because Mercado and Astromundo are Puerto Rico residents, plaintiffs argue, Puerto Rico is more convenient for them as witnesses. But "the parties themselves" on the defense side, except for Bart, are located in Florida, making Florida a convenient location for them. Defendants refer to witnesses located in Miami, including defendants' agents who were involved in the Agreement and who do the defendant businesses' accounting and taxes. (Docket No. 7, 10-11). Defendants also refer to documents located in Miami, including defendants' books and records, accounting documentation, correspondence between plaintiffs and defendants, and contracts executed in connection with Mercado's image. (Id. at 11).

Plaintiffs argue that these witnesses and evidence are irrelevant to the instant action. (Docket No. 19, 19-20). I find this argument unavailing. Records of defendants' accounts and the correspondence between plaintiffs and defendants are critical to the contract claims alleged by plaintiffs, and the contracts are highly relevant to the issues of assignment of trademark rights. Defendants' agents who work with these records, correspondence, and contracts are relevant witnesses to the claims in this action. For their part, plaintiffs claim they will submit the testimony of Puerto Rico residents who have contacted the psychic telephone hotline and the waltermercado.net website. (Id. at 18-19). However, plaintiffs give no indication that "submitting testimony" of Puerto Rico witnesses requires live testimony in Florida that would necessitate travel by the witnesses, and they do not explain what additional evidence besides such testimony they will offer. I find, on balance, that the defendants have shown that convenience to witnesses and location of documents

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 18 of 19

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.　　　Page 18
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

weighs slightly in favor of transfer.

Fifth, the "interest of justice" factor of the transfer inquiry includes concerns such as trying related litigation together, having a judge who is familiar with the applicable law, and the efficient functioning of the courts. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986). The plaintiffs argue that Puerto Rico has the comparative advantage and a greater interest in the outcome of this litigation, because Puerto Rico was chosen by the parties in the forum-selection clause, the Agreement was made in Puerto Rico, and Puerto Rico law applies to the Agreement. (Docket No. 19, 17). Defendants correctly point out that the forum-selection clause is not mandatory, and argue additionally that Florida has a strong interest in the outcome of the litigation – most of the defendants are Florida businesses or residents, and the Consolidated Florida Cases have been conducted there. (Docket No. 7, 11-14, 17-19). I find defendants' arguments persuasive: this court has already seen fit to transfer the substantially similar First Puerto Rico Case to Florida despite the forum-selection and choice-of-law clauses, and the Consolidated Florida Cases make transfer to Florida highly appropriate here. Judicial efficiency counsels against allowing multiplicity of litigation in different districts arising from the same contract, given the possibility of conflicting judgments and general concerns of undue interference with another court's affairs. TPM Holdings, 91 F.3d at 4.

Furthermore, the plaintiffs will not be prejudiced as far as their Puerto Rico law claims go. The plaintiffs argue that the courts of Puerto Rico, whether Commonwealth or federal, have more knowledge and expertise on Puerto Rico law than does the Florida court. (Docket No. 19, 17). But the Florida court has already ably applied Puerto Rico contract law in the Consolidated Florida Cases, and this court does not doubt that it can do so again and can also resolve the instant claims brought under Commonwealth tort and intellectual property statutes. This court has found in the past that transferee courts are fully capable of resolving claims brought under Puerto Rico law. Aguakem, 218 F. Supp. 2d at 203; Palmer v. Radisson Hotel Int'l, 45 F. Supp. 2d 162, 165-66 (D.P.R. 1999). Moreover, the Florida court is as competent as this court to hear plaintiffs' federal

Case 3:09-cv-01509-GAG-BJM   Document 57   Filed 11/05/09   Page 19 of 19

Walter Mercado-Salinas, et al. v. Bart Enterprises International, Ltd., et al.   Page 19
Civil No. 09-1509 (GAG/BJM)
OPINION AND ORDER

claims, which outnumber their Puerto Rico law claims.

Indeed, having presided over the litigation of the Agreement in the Consolidated Florida Cases, in which it was called upon to construe the Agreement, the Florida court has gained knowledge and familiarity with the Agreement, the parties, and the Walter Mercado mark, name, and likeness. Justice is better served, the resolution of the action is better expedited, and the risk of conflicting decisions is obviated by transferring the instant action to a court already highly conversant with the subject matter of the case. Moreover, transfer of this case will allow the parties to proceed before an experienced court on the trademark issues it recently found were not properly before it in the Consolidated Florida Cases (though it had considered the underlying facts regarding the mark). The parties' recent motions in this case, arguing over the effect of the October 23 and 26 Orders on the trademark issues in the current action, further persuade me that transfer is in the best interests of all involved. (Docket No. 47, 49, 51, 52, 54). Both parties to the instant action ask this court to interpret the Florida court's orders and judgment in the Consolidated Florida Cases, and that task is clearly better suited to the Florida court.

Accordingly, the court hereby lifts the stay on the instant action, grants defendants' motion to transfer, and transfers this case to the United States District Court for the Southern District of Florida.

## CONCLUSION

For the reasons described above, plaintiffs' motion to remand (Docket No. 15) is **DENIED** and defendants' motion to transfer venue (Docket No. 7) is **GRANTED**. This case is hereby transferred to the United States District Court for the Southern District of Florida.

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 5th day of November, 2009.

*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge