IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**WALTER MERCADO-SALINAS, et al.,**

    **Plaintiffs,**

    v.

**BART ENTERPRISES INTERNATIONAL, LTD., et al.,**

    **Defendants.**

Civil No. 09-1509 (GAG/BJM)

### ORDER

On September 2, 2010, Defendants moved for clarification of Plaintiffs' motion to compel discovery (Docket No. 141), arguing that Defendants could not comply with the request because of concerns over trade secrets. (See Docket No. 203.) Plaintiffs objected to this motion. (See Docket No. 209.) The court referred Defendants' motion to Magistrate Judge McGiverin (see Docket No. 204), who issued an Order denying Defendants' motion with the proviso that "such production shall be governed by the confidentiality agreement" (see Docket No. 210). On September 27, Defendants appealed Judge McGiverin's decision. (See Docket No. 219.)

Under Local Civil Rule 72(c), any party may appeal a magistrate judge's decision of a non-dispositive pretrial matter in accordance with 28 U.S.C. § 636(b)(1)(A). "The district judge shall consider the appeal and set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." D.P.R. Civ. R. 72(c).

While there is no absolute protection for trade secrets, the court has discretion to tailor discovery to protect parties against unnecessary disclosure of such secrets to opposing parties who are competitors in business. Ares-Serono, Inc. v. Organon Int'l B.V., 151 F.R.D. 215, 219-20 (D. Mass. 1993). "Thus, the court must generally weigh on the one hand the right of a plaintiff to examine relevant evidence against the right of a defendant to protect its trade secrets and confidential data." Id. at 220; see also Fed. R. Civ. P. 26(c)(1) (authorizing protective orders to limit discovery).

**Civil No. 09-1509 (GAG/BJM)**          2

Upon review of the record, the court is unable to find any manifest error in Judge McGiverin's decision. The parties fully briefed the issue before him. (See Docket Nos. 203; 209.) Parties may generally obtain by discovery any non-privileged evidence that is relevant to a claim or defense in the case. Fed. R. Civ. P. 26(b)(1). The instant case involves allegations of trademark infringement (see Docket No. 1), and Plaintiffs seek discovery of Defendants' agreements relating to the trademark in question (see Docket No. 141). By ordering discovery subject to a confidentiality agreement, Judge McGiverin has heeded the admonition to temper disclosure with consideration for the parties' need to protect trade secrets. See Ares-Serono, Inc., 151 F.R.D. at 219-20. Accordingly, Judge McGiverin's Order is not clearly contrary to law.

In view of the foregoing, the court hereby **AFFIRMS** Judge McGiverin's Order dated September 13, 2010 (Docket No. 210).

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of September, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge