# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**WALTER MERCADO-SALINAS, et al.,**

   Plaintiffs,

   v.

**BART ENTERPRISES INTERNATIONAL, LTD., et al.,**

   Defendants.

**Civil No. 09-1509 (GAG/BJM)**

## ORDER

On September 27, 2010, this court issued an Opinion and Order that adopted in part Magistrate Judge McGiverin's Report and Recommendation relating to the parties' cross petitions for preliminary injunction. (See Docket No. 220.) The court ordered a preliminary injunction in favor of Defendants, barring Plaintiffs from using the trademark, "Walter Mercado," in connection with business enterprises and representing their ownership of said mark to third parties. (See Docket No. 221.) Plaintiffs move for reconsideration of the Opinion and Order. (See Docket No. 226.)

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 59(e), the federal district court may alter or amend a judgment within twenty-eight days of its entry. "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). "A court will deny a motion for reconsideration based on the 'new evidence' exception if that evidence 'in the exercise of due diligence could have been presented earlier.'" Id. (quoting Emmanuel v. Int'l Bhd. of Teamsters Local 25, 426 F.3d 416, 422 (1st Cir. 2005)).

**Civil No. 09-1509 (GAG/BJM)**                                2

**II.     Discussion**

Plaintiffs argue that the court erred in (1) finding that no publicity rights exist under Puerto Rico law; (2) failing to treat Plaintiffs' claim for unfair competition; (3) characterizing the grant of rights in the 1995 agreement as an assignment rather than a license of trademark rights; (4) ruling that Plaintiffs could not terminate the agreement for lack of payment; (5) finding that Defendants established their entitlement to an injunction; and (6) preventing Plaintiffs from engaging in activities allowed under the agreement. (See Docket No. 226.) The court treats these issues in turn.

**A.     Publicity Rights**

Plaintiffs maintain that Puerto Rico law recognizes the right to publicity, such that a defendant may be liable in tort for the misappropriation of a private person's name or likeness for commercial use. (See id. at 11-13.) In support, Plaintiffs point to a recent decision of the Puerto Rico Supreme Court, Vigoreaux-Lorenzana v. Quizno's Sub, Inc., 2008 TSPR 38, rendered in the Spanish language. Under First Circuit precedent, this court cannot consider untranslated judicial opinions. Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Although Plaintiffs had ample opportunity to furnish such a translation prior to the issuance of the Opinion and Order, they failed to do so. The other case cited by Plaintiffs, Colón v. Romero-Barceló, 12 P.R. Offic. Trans. 718 (1982), which is available in English, relates to tortious invasion of privacy; hence it is inapposite to the instant case. See id. Accordingly, the court committed no error in rejecting Plaintiffs' prayer for preliminary injunctive relief on the basis of their publicity rights.

**B.     Unfair Competition**

Plaintiffs argue that this court should have considered their claim for deceptive trade practices in connection with their motion for preliminary injunction. (See Docket No. 226 at 22-25.) Although Plaintiffs' original complaint in the Puerto Rico Court of First Instance referenced the local law of unfair competition (see Docket No. 4-3 at 24-25), the Report and Recommendation did not specifically treat this claim apart from its general discussion of Plaintiffs' trademark claim (see Docket No. 194 at 21-22). Under Federal Rule of Civil Procedure 72(b), the court must consider de novo any portion of a magistrate judge's report and recommendation that is subject to timely

**Civil No. 09-1509 (GAG/BJM)**                3

objection by the parties. Fed. R. Civ. P. 72(b)(3).  However, if the parties fail to raise specific objections, they waive any such arguments. See Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).  Because Plaintiffs failed to object to the exclusion of their unfair competition claim from the Report and Recommendation (see Docket No. 207), consideration of the matter is foreclosed.

### C.   Assignment Versus License

Plaintiffs contend that the agreement granted Defendants a limited license to use the trademark, rather than a full assignment of such rights. (See Docket No. 226 at 25-41.)  Plaintiffs' arguments on this point largely replicate their earlier arguments.[1]  (See Docket No. 207 at 12-20.) Accordingly, Plaintiffs demonstrate no basis for reconsideration. See Allen, 573 F.3d at 53.

### D.   Termination of Agreement

Plaintiffs reiterate that they had cause to terminate the agreement for lack of payment. (See Docket No. 226 at 41-45.)  It appears that Plaintiffs cannot invoke this ground for termination because they have not performed services under the agreement since November 2006.  (See Docket No. 220 at 9-10.)

Plaintiffs now argue that, according to the Report and Recommendation, they had no duty to tender service since June 2007. (See Docket No. 226 at 41.)  This argument misses the larger point—that the parties' obligations under the agreement are apparently rooted in reciprocity, such that Plaintiffs' default precludes their invocation of the termination clause. (See Docket No. 220 at 9-10; see also Docket No. 194 at 13-15.)  The subsequent expiration of Plaintiffs' duty to perform services is immaterial to this outcome.  Plaintiffs otherwise repeat their earlier arguments (see Docket No. 207) and are thus not entitled to reconsideration. See Allen, 573 F.3d at 53.

---

[1] Plaintiffs argue that the grant of trademark rights under the agreement is limited to use in connection with specified material. (See Docket No. 226 at 36-37.)  The court explicitly rejected this contention in its Opinion and Order. (See Docket No. 220 at 8.)  Furthermore, the agreement states, "Such assignment includes <u>but is not limited to the right to use the Mark in connection with the Preexisting Materials and the New Materials</u> in any and all media now known or hereafter developed . . . ." (See Docket No. 133-6 at 4 (emphasis added).)

**Civil No. 09-1509 (GAG/BJM)**                4

### E.    Defendants' Entitlement to Interim Relief

Plaintiffs argue that Defendants have not sufficiently established their right to a preliminary injunction. (See Docket No. 226 at 45-47.) Because Plaintiffs present no new facts to support this argument and demonstrate no manifest error of law in the court's analysis, they are not entitled to reconsideration as to Defendants' entitlement to interim relief.[2]  See Allen, 573 F.3d at 53.

### F.    Scope of Preliminary Injunction

Lastly, Plaintiffs challenge the breadth of the court's preliminary injunctive order, arguing that the order interferes with their use of the name, image, and likeness of Plaintiff Walter Mercado-Salinas. (See Docket No. 226 at 47-52.) Plaintiffs also contend that the order precludes activities that are specifically permitted under the 1995 agreement. (See Docket No. 226 at 52-54.)

Plaintiffs present no new evidence to disturb the court's conclusion that the trademark, "Walter Mercado," is apparently identical to the name of Plaintiff Walter Mercado-Salinas. (See Docket No. 220 at 10-11.)  Thus, the court need not reconsider its determination that Plaintiffs' assignment of the trademark forecloses their claim based upon Mercado-Salinas's name. Furthermore, the court's injunctive order relates only to commercial use of the trademark, not the image and likeness of Mercado-Salinas.

Under paragraph 6(c)(v) of the agreement, Plaintiffs "shall be in no way hereunder prohibited or restricted, for his personal benefit, from conducting his present business endeavors consisting of radio, newspaper, magazines and personal consultation related to psychic activities." (See Docket No. 133-6 at 8.) This license-back provision permits Plaintiffs to continue business arrangements that predate the 1995 agreement. In finding that the agreement remains in force, the court intended to give effect to all constituent clauses that have not expired on their own terms. (See Docket No. 220 at 10.) In ordering preliminary injunction to bar Plaintiffs' use of the trademark, the court omitted any reference to Plaintiffs' business dealings that are expressly authorized under the

---

[2] With respect to Plaintiffs' contention that the court should order Defendants to post bond as security against potential losses, the court will issue such an order forthwith.

**Civil No. 09-1509 (GAG/BJM)**                    5

agreement. (See Docket No. 221.) Thus, the court modifies its Order of Preliminary Injunction (id.) pursuant to Federal Rule of Civil Procedure 60(a) to clarify its scope. Having dispelled this confusion, the court finds no remaining grounds for reconsideration of its Opinion and Order.[3]

### III.    Conclusion

In view of the foregoing, the court hereby **DENIES** Plaintiffs' motion for reconsideration (Docket No. 226). The court **AMENDS**, sua sponte, its Order of Preliminary Injunction (Docket No. 221), which shall read as follows:

> The court hereby **ORDERS** Plaintiffs, Walter Mercado-Salinas and Astromundo, Inc., to immediately cease and desist from (1) using the Mark, "Walter Mercado," in relation to all forms of business enterprise, except for business arrangements that commenced prior to June 7, 1995, and (2) representing to third parties that Plaintiffs own the Mark, pending the resolution of this case on the merits.

**SO ORDERED.**

In San Juan, Puerto Rico this 15th day of October, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge

---

[3] Notwithstanding its resolution of the instant motion, the court commends counsel for both parties on their thorough briefs relating to the instant case.