IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**WALTER MERCADO-SALINAS, et al.,**

**Plaintiffs,**

**v.**  Civil No. 09-1509 (GAG)

**BART ENTERPRISES INTERNATIONAL, LTD., et al.,**

**Defendants.**

**OPINION AND ORDER**

Presently before the court are Defendants' motion to alter or amend judgment (Docket No. 433) and Plaintiffs' motion for partial reconsideration (Docket No. 434). For the reasons set forth herein, the court **DENIES** Defendants' motion to alter or amend judgment and **GRANTS in part** and **DENIES in part** Plaintiffs' motion for partial reconsideration. The claims not addressed by the court at this time are contingent upon the findings of the jury and are therefore not considered at this time.

**I.   Standard of Review**

Motions for reconsideration are generally considered under FED.R.CIV.P. 59(e) or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). A motion for reconsideration is entertained by a court if it seeks to correct a manifest error of law or fact, presents newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D.P.R. 1998)). It is "very difficult to prevail" on a Rule 59(e) motion. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted); see also Villanueva-Mendez, 360 F.

**Civil No. 09-1509 (GAG)**

Supp. 2d at 324 (noting that motions for reconsideration are "typically denied").  A motion for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."  Nat'l Metal Finishing Co., Inc. v. BarclaysAm./ Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); see, e.g., United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir. 2004) ("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion."); F.D.I.C. Ins. Co., 978 F.2d at 16 (motions under Rule 59(e) "may not be used to argue a new legal theory.").

**II.     Discussion**

      **A.     Defendants' Motion at Docket No. 433**

Defendants' move the court to alter or amend its March 31, 2012 Opinion and Order (Docket No. 429) to clarify that the Mark is not subject to reversion and that Bart does not owe additional monies to Mercado for the assignment of the Mark.  (See Docket No. 433 at 10.)  Defendants' arguments constitute a rehashing of arguments previously presented at the summary judgment stage, which the court has already considered.  Moreover, the court highlights that the reversion issue has already been determined by the Florida Court.  (See Docket No. 133-23 at 15-16.)  Accordingly, the court **DENIES** Defendants' motion at Docket No. 433.

      **B.     Plaintiffs' Motion at Docket No. 434**

Plaintiffs move for the reconsideration of various determinations made by the court in its Opinion and Order granting Defendants' summary judgment and denying their summary judgment (Docket No. 429).

Plaintiffs seek reconsideration of the court's determination that Bart is the owner of the Mark.  Plaintiffs argue that the court committed an error of law by granting summary judgment because there are genuine issues of material fact as to the parties intention to compensate Mercado after the Additional Services Period had ended.  This is dispositive of the issue.  Plaintiffs argue that if the jury finds Bart had the obligation to compensate Mercado for the assignment of the Mark after the Additional Services Period ended, Bart's non-compliance would have constituted a valid reason for Mercado to terminate the Agreement in 2009 pursuant to the terms of the Agreement.  Because all rights granted through the Agreement, including the assignment of the Mark, would revert back

**Civil No. 09-1509 (GAG)**

to Mercado upon valid termination, summary judgment should not have been granted on the trademark ownership issue. The court notes that although it considered all of the evidence presented in relation to this issue, it did not consider the fact that Mercado was not obligated to perform services past 2007, when the court determined Mercado could not validly terminate the Agreement because he was in breach. (See Docket No. 429 at 14.) Accordingly, the court finds that it committed a manifest error of fact and **GRANTS** reconsideration on this ground.

The court **DENIES** reconsideration as to its determination regarding Paragraph 3(b) of the Agreement. Plaintiffs' argument constitutes a rehashing of arguments already presented during summary judgment.

Plaintiffs move for reconsideration on Plaintiffs' claims of publicity rights, false advertising, false attribution of authorship, and tortious interference, as well as their requests for declaratory relief regarding trademark use and Shanti Ananda. The court denied their request for declaratory judgment on these issues because it understood them to be premised on Mercado being the rightful owner of the Mark. (See Docket No. 429 at 18.) Plaintiffs correctly argue there are some issues that were not addressed by the court, which may be resolved even if the Mark is held by Defendants. (See Docket No. 434 at 11.) Accordingly, the court **GRANTS** reconsideration regarding the aforementioned claims. At this time, the court only addresses Plaintiffs' publicity rights, false advertising and false attribution of authorship claims. The court finds the remaining claims to be contingent upon the findings of the jury, and therefore, should not be ruled upon by the court at this time. Depending on the findings by the jury, the issues may become moot. As such, the court **DENIES without prejudice** Plaintiffs' reconsideration as to the tortious interference claim as well as the declaratory judgment regarding the use of Shanti Ananda at this time. In the event the jury's findings do not moot these issues, the court shall revisit them to the extent necessary.

**1.     Ownership, Termination, Reversion & Trademark Infringement**

In its Opinion and Order of March 31, 2012, the court held that because Mercado had breached the Agreement by not rendering personal services to Bart, he could not validly terminate the Agreement pursuant to its terms; therefore, the Mark remained the property of Bart. (See Docket No. 429 at 14.) In this respect, the court erred.

3

**Civil No. 09-1509 (GAG)**

The breach of contract attributed to Mercado was for conduct already adjudged in the Florida litigation. Mercado stopped rendering services to Bart in 2006. Bart could have rescinded the contract and recovered damages, but chose not to do so.[1] The Florida court found Mercado to be in breach of contract for not providing services during the Additional Services Period. (See Docket No.133-26.) Past 2007, when the Additional Services Period expired, Mercado was under no contractual obligation to perform services.

Additionally, in the instant action, Mercado does not seek compensation for services not rendered. It is for monies owed after the Additional Services Period had elapsed. Mercado was under no obligation to render services past this date. As we previously held, Paragraph 6(c) includes compensation for Mercado's personal services, for the assignment of the Mark and for other rights granted in the Agreement. The court found there was genuine issue of material fact as to Bart's compensation obligations to Mercado after the Additional Services Period expired in 2007. (See Docket No. 429 at 15.) The court could not determine whether this compensation provision provided for compensation past the Additional Services Period and left it to the jury to decide the intention of the parties. If a jury determines that Bart's obligation to compensate Mercado continued after the end of the Additional Services Period, then Bart is in breach for non-payment and Mercado could have validly terminated the Agreement in 2009, which would cause the assignment of the Mark to revert back to him. Because Bart cannot be declared the owner of the Mark at this stage due to genuine issues of material fact as to the validity of the termination of the Agreement, Defendants'

---

[1] As a general rule under Puerto Rico contract law, "the fact that a plaintiff who alleges a breach of contract has an adequate remedy by way of damages does not bar him from seeking performance of the contract." Garcia v. World Wide Entmt. Co., 1992 P.R. -English 754, 802; 132 D.P.R. 378, 385 (1992) (citations omitted) (internal quotation marks omitted). "The plaintiff may choose between compelling performance of contract or rescinding the obligation and recover damages, unless some special circumstance or provision exists that bars an order to force the performance of the contract." Id. "One of the special circumstances where our courts are barred from ordering specific performance of a contract is when personal services are required." Id. (citations omitted). "In such cases, our legal system handles the issue in the same way it is generally handled in the civil law and North American law: since this is a very personal activity, closely linked to the debtor's liberty, specific performance cannot be compelled, and thus performance of the obligation must be enforced in an action for damages." Id. (citations omitted).

**Civil No. 09-1509 (GAG)**

trademark infringement claims are **DENIED.**

The court notes that Defendants' opposition to Plaintiffs' motion for partial reconsideration (Docket No. 445) does not address Plaintiffs' main contention regarding ownership of the Mark, termination of the Agreement and/or reversion rights.

On a side note, the court clarifies that it twice, inadvertently, used the term "use of the Mark," when in fact it meant to say "assignment of the Mark." On page thirteen, the court states, "[t]he more likely interpretation is the court's interpretation that $25,000 per month was due to Mercado for use of the Mark and for his personal services." (See Docket No. 429 at 13.) This should read, "[t]he more likely interpretation is the court's interpretation that $25,000 per month was due to Mercado for **the assignment** of the Mark and for his personal services." Additionally, page fifteen reads, "but it must provide payment for the use of the Mark," when it should read "payment for the **assignment** of the Mark." (See Docket No. 429 at 15.) To address Defendants' frustrations, when the court refers to the payments for the assignment of the Mark, it is not treating them as royalties, but as installment payments for the assignment of the Mark.

## 2. Publicity Rights

Plaintiffs claim Defendants infringed Mercado's publicity rights by using his Name and Likeness outside the scope permitted by the Agreement. (See Docket No. 383 at 48-49.) Particularly, Plaintiffs argue that Defendants have been using Mercado's Name and Likeness for materials not created, supervised or sponsored by Mercado and do not relate to Mercado's psychic and astrological services. (See id. at 53-54.) Defendants contend that Bart's use of Mercado's Name and Likeness is within the scope of the license granted because the Agreement allows Bart to produce, create and develop new materials, itself, relating to Mercado's psychic and astrological services. (See Docket No. 403 at 26.)

According to the Agreement, Mercado granted Bart

> the right and license during the Term and throughout the Territory to use Mercado's performance, name, signature, photographs, voice, picture, likeness, or other indicia of his identity (collectively "Name and Likeness") in connection with the Preexisting Materials and the New Materials by any means and in any and all media now known or hereafter devised, subject, however, to Mercado's right to prior approve any such use, such approval not to be unreasonably withheld. If such approval is not

**Civil No. 09-1509 (GAG)**

communicated to Bart within forty-eight (48) hours of Mercado's receipt of the materials, such right of approval shall be deemed waived.

(See Docket No. 378-1 at 5 ¶ 3(b).)

Bart's license to use Mercado's Name and Likeness must be used in connection with the Preexisting Materials or New Materials. Preexisting Materials are the materials created or originated by Mercado for Jamie Shoop & Associates ("Shoop"), as well as all prior results and proceeds thereof, all in connection with Mercado's astrological and psychic activities. (See id. at 2 ¶ 1(a); 22.) New Materials are materials "relating to Mercado's psychic and astrological services of whatever nature whatsoever" that Bart develops, produces, distributes and copyrights in its own name pursuant to Paragraph 1(b) of the Agreement. (See id. at 3 ¶ 1(b).)

Plaintiffs point to several uses of Mercado's Name and Likeness by Defendants that are not contemplated under Bart's license. (See Docket No. 383 at 54.)

### i.   The Website

Co-defendant Arcane has been using Mercado's Name and Likeness since 2008. (See Docket Nos. 372 at 20 ¶ 69; 404 at 7 ¶ 69.) By May 2008, Arcane was operating the website www.waltermercado.net (the "Website") that provides interactive astrological and psychic consultation through the internet. (See Docket Nos. 372 at 20 ¶ 70; 404 at 7 ¶ 70.) In the years 2009 and 2010, daily horoscopes were published on the Website under Mercado's name. (See Docket Nos. 372 at 20 ¶ 72; 404 at 7 ¶ 72.) Plaintiffs provide a translated print-out of information and statements provided therein, as well as a screen shot of the Website. (See Docket No. 376-1.) The Website advertises live psychic readings and astrological predictions. It unmistakably uses Mercado's Name and Likeness to do so. Mercado has not authorized the daily publication of horoscopes on the Website under his name, nor has he approved or supervised the drafting of these horoscopes. (See Docket No. 372-1 at 9 ¶ 16.) Mercado has never sponsored, supervised or endorsed the Website or the psychics that work for the Website. (See Docket No. 372-1 at 9 ¶ 17.)

### ii.   SCI At Home

On March 31, 2009, co-defendant Waltervision and SCI at Home, LLC ("SCI") entered into a License and Advertising Agreement, whereby Waltervision granted SCI the right to use the Mark

**Civil No. 09-1509 (GAG)**

in connection with various 800 numbers, prepaid paid calling cards and pay per call live astrological and psychic readings through 900 numbers. (See Docket Nos. 372 at 18 ¶ 60; 404 at 7 ¶ 60.) This SCI business arrangement included the creation of a new website, Telewalter.com and the use of Mercado's Name and Likeness to advertise the astrological and psychic services being sold therein. (See Docket Nos. 372 at 19 ¶ 64; 404 at 7 ¶ 64.) The record includes SCI-identified gift cards featuring Mercado's Name and Likeness. (See Docket No. 373-6 at 35-36.) The record also includes SCI-sponsored press release featuring Mercado's Name and Likeness for the launch of "Walter Mercado's Psychic and Astrology Network, starring Walter Mercado." (See Docket No. 373-6 at 38.) Mercado asserts he has never sponsored, supervised or endorsed the SCI business or the psychics that operate or work for SCI. (See Docket No. 372-1 at 9 ¶ 12.)

### iii. SMS/Text-Messaging Services

Since February 2007, Defendants have operated or caused to operate a SMS/text-messaging services ("SMS Services") using Mercado's Name and Likeness. (See Docket Nos. 372 at 22 ¶ 83; 404 at 8 ¶ 83.) After February 2007, Mercado has not drafted or authored the daily horoscopes that are sent to consumers via SMS Services using his Name and Likeness. (See Docket No. 372-1 at 10 ¶ 22.) Mercado has never sponsored, supervised or endorsed the SMS Services, nor has he supervised the persons who are purportedly drafting the horoscopes. (See Docket No. 372-1 at 10 ¶ 23.)

On April 1, 2009, Waltervision executed a licensing agreement with Comercio MAS, S.A. DE C.V. ("MAS") for the operation of astrological and psychic SMS Services using Mercado's Name and Likeness. (See Docket Nos. 372 at 23 ¶ 88; 404 at 9 ¶ 88.) The SMS Services have been advertised on the Televisa television network. (See Docket No. 373-6 at 8.) With prior leave of court, Plaintiffs submitted audio/visual evidence in the form of compact discs, which include television advertisements for the SMS Service featuring Mercado's image and voice. (See Docket No. 376-2, *Exhibit 29(a) in CD form*.) Mercado has not created, authored or drafted the astrological text messages sold and advertised by Defendants, although they are advertised as if he did. (See Docket No. 372-1 at 11 ¶ 28.)

**Civil No. 09-1509 (GAG)**

### iv. 800 Numbers

Defendants have operated or caused to operate 1-800 psychic lines (the "800 Numbers") using Mercado's Name and Likeness after February 2007. (See Docket Nos. 372 at 22 ¶ 79; 404 at 7 ¶ 79.) Mercado has not sponsored, supervised or endorsed the Numbers, nor the alleged psychics that attend the calls. (See Docket No. 372-1 at 10 ¶ 20.)

### v. Horoscopes in Mexican Newspaper "El Debate"

Since 2007, co-defendant Walter International published or caused to be published horoscopes using Mercado's Name and Likeness in the Mexican newspaper "El Debate." (See Docket No. 372 at 25 ¶ 95; 404 at 9 ¶ 95.) Mercado did not draft, edit or review these published horoscopes. (See Docket No. 372-1 at 11 ¶ 31.)

It is uncontested that Defendants have continued to use Mercado's Name and Likeness after November 2006. (See Docket Nos. 372 at 17 ¶ 58; 404 at 7 ¶ 58.) Yet Mercado has not provided any services, has not participated, supervised, sponsored or endorsed, in any way, any use by Defendants of his Name and Likeness since 2006. The only exception is the television program "Primer Impacto" up to 2007. (See Docket No. 372-1 at 8-9 ¶ 8.) None of the aforementioned examples constitute Preexisting Materials because none were created by Mercado for Shoop, nor do they constitute New Materials because they do not relate to Mercado's psychic and astrological services. Materials created by Bart that are not related to Mercado's personal psychic and astrological services are not New Materials to which the Name and Likeness license extends. This is not necessarily contingent on Mercado providing personal services to Bart, but New Materials must relate to psychic and astrological services provided by Mercado himself.

Defendants' argument that the Agreement grants Bart the right to create New Materials is not supported by the contract. The Agreement does not provide for the creation of New Materials when they are unrelated to Mercado's psychic and astrological services. Notwithstanding the fact that "to produce" may mean "to create" in some contexts, it does not here. The Agreement itself is written in a manner that distinguishes between the two verbs. The Preexisting Materials provision uses the verbs "created or originated," while the New Materials provision does not use the verb

**Civil No. 09-1509 (GAG)**

"created." (See Docket No. 378-1 at 2-3 ¶¶ 1(a) & (b).) Bart's right to develop, produce, distribute and copyright New Materials contemplates a product already in existence that is related to Mercado's psychic and astrological services. It does not give Bart the right to create new materials using Mercado's Name and Likeness. If the parties had intended to grant Bart such a right, the parties could have used the verbs "create" or "originate," as they did in the Preexisting Materials section.

Defendants do not have an absolute right to Mercado's Name and Likeness. Their license to use Mercado's Name and Likeness extends to Preexisting Materials and New Materials, nothing else. Any other use of Mercado's Name and Likeness falls outside of the scope of the Agreement and constitutes unlicensed use by Bart. Mercado is entitled to damages for Defendants' unauthorized use of Mercado's Name and Likeness.[2]

### 3.    False Advertising

Plaintiffs argue Defendants' use of the Mark and Mercado's Name and Likeness, in connection with goods and services Mercado did not create, fraudulently induces consumers to buy the psychic and astrological services being advertised and sold by Defendants under the belief that these are currently provided, supervised, sponsored or endorsed by Mercado. (See Docket No. 383 at 42.) Defendants contend Plaintiffs' false advertisement claim cannot succeed because Bart is the owner of the Mark and has a right to use Mercado's Name and Likeness in connection with Preexisting Materials and New Materials. (See Docket No. 445 at 7-8.)

Plaintiffs claim is pursuant to Section 43(a) of the Lanham Act ("Section 43(a)"), 15 U.S.C.

---

[2] Publicity rights are created by state law. 1 J. Thomas McCarthy, Rights of Publicity and Privacy § 6:135 (2d ed. 2000 & Supp. 2008). Puerto Rico Law 139 of July 13, 2011 ("Law 139") provides a cause of action for the unauthorized use of a person's likeness. Because Law 139 is not available in English, Plaintiffs have submitted a certified English translation of the same for the record at Docket No. 401-1. According to the statute, "[a]ny natural or legal person that uses another person's image for business, commercial or advertising purposes or objectives, without the prior consent of the person . . . will be liable for the damages caused." "The person affected may file an action to enjoin the use of said image and to recover the damages caused, including unpaid royalties or any economic loss resulting from the violation fo the right established herein."

**Civil No. 09-1509 (GAG)**

§ 1125.

According to Section 43(a),

> Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

Plaintiffs point to evidence on record –*e.g.*, the Website and advertisements for the SMS Service– as instances of "false advertisement" by Defendants. (See Docket No. 383 at 54.)

The court notes that Bart does have a right to use Mercado's Name and Likeness in relation to the Preexisting Materials and the New Materials. This would not constitute false advertising because, as we explained above, Preexisting Materials and New Materials must relate to Mercado's personal service. However, Mercado's Name and Likeness may not be used in connection with materials, like the Website or the SMS Services, that are not related to Mercado's personal service.

The predicament arises with Defendants' use of the Mark. The Mark is the name Walter Mercado and Bart may still be the owner of the Mark. Consequently, although Bart cannot use Mercado's Name and Likeness to advertise materials that do not fall within the Preexisting Materials or the New Materials categories, Bart may still have the right to use the Mark to advertise the same. The Mark works as a type of endorsement. If a jury determines the Agreement has not been terminated and the assignment of the Mark has not reverted back to Mercado, Bart would have all rights in and to the Mark. Bart, as owner of the Mark, may use the Mark as an endorsement for advertising purposes without it constituting false advertisement. The court agrees with Defendants' contention that endorsing does not require actual involvement in or development of the product sponsored. (See Docket No. 403 at 23.) Financial gain through commercial proceeds is what drove Defendants to purchase the Mark. However, endorsing a product and saying a product is created by the endorser are two different things.

Regardless of ownership of the Mark, Defendants may not advertise Mercado as the source

**Civil No. 09-1509 (GAG)**

of their products, save for the Preexisting Materials and the New Materials, which, as mentioned above, are in someway the work product of Mercado. To illustrate its point, the court will address Plaintiffs' concerns with the Website and the SMS Services advertisements.

The Website's main page features Mercado's photo and signature with a message that reads "Live consult with my most profound psychics." (See Docket No. 376-1 at 1 & 3.) Defendants may not use Mercado's photo and signature to promote the Website, nor may they refer to Mercado's most profound psychics. If Defendants own the Mark, they can use it to refer to the business and advertise it as such –*e.g.*, "profound Walter Mercado psychics"–but Bart cannot say it is selling the work product of Mercado.

Advertisements for the SMS Service by Defendants feature Mercado's image and voice.[3] (See Docket No. 376-2, *Exhibit 29(a) in CD form*.) As previously mentioned, Defendants may not use Mercado's Name and Likeness to promote the SMS Service. The image and voice of Mercado are not authorized to appear in the advertisement of products that are not considered Preexisting Materials or New Materials. Furthermore, Defendants cannot advertise the SMS Services as if Mercado himself were authoring the horoscopes and messages or has personally selected the psychics authoring the same. Mercado has not created, authored or drafted the astrological text messages sold and advertised by Defendants. (See Docket No. 372-1 at 11 ¶ 28.) However, advertising consults from "Mercado's powerful psychics" or that consumers "will be connected with the good energy of Walter Mercado" would be allowed if a jury determines Mercado has not terminated the Agreement and Bart is the owner of the Mark. (See e.g., Docket No. 376-2 at 3.)

In sum, Defendants may not advertise that their products are personally directly provided, written or supervised by Mercado, unless said products constitute Preexisting Materials or New Materials under the Agreement.

### 4. False Attribution of Authorship

Plaintiffs claim a violation of Mercado's moral rights under Puerto Rico's Intellectual

---

[3] Certified English translations of the transcripts were submitted for the record at Docket No. 376-2.

11

**Civil No. 09-1509 (GAG)**

Property Law, P.R. Laws Ann. tit. 31, §§ 1401-1401h.  Plaintiffs argue Defendants have published horoscopes under Mercado's name, claiming that Mercado has created the same, when he has not authored or contributed to their creation.  (See Docket No. 383 at 70.)  Plaintiffs' claim cannot prosper.

Under Puerto Rico law, "[t]he author or beneficiary of a literary, scientific, artistic and/or musical work has the right to benefit from it, and the exclusive prerogatives to attribute to him/herself or retract its authorship, dispose of his/her work, authorize its publication and protect its integrity. . ."  P.R. Laws Ann. tit. 31, § 1401.  This statute protects, and provides remedies for, the author of a work when someone else is attributing authorship to his or herself.  Not when an author is being attributed work that is not his. Therefore, the court **DISMISSES** Plaintiffs' false attribution of authorship claim.

**III.  Conclusion**

For the reasons stated herein, the court **DENIES** Defendants' motion to alter or amend judgment at Docket No. 433, and **GRANTS in part** and **DENIES in part** Plaintiffs' motion for partial reconsideration at Docket No. 434.

**SO ORDERED.**

In San Juan, Puerto Rico this 27th day of August, 2012.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge